**U. S. ALUMINUM SIDING CORP.,**
Plaintiff,

v.

**DUN & BRADSTREET, INC., Defendant.**

United States District Court
S. D. New York.

July 7, 1958.

Erdheim & Armstrong, New York City (Martin Kaufman, Irving I. Erdheim, New York City, of counsel), for plaintiff.

White & Case, New York City (Chester Bordeau, William D. Conwell, New York City, of counsel), for defendant.

DAWSON, District Judge.

This is a motion to dismiss the complaint for failure to state a claim upon which relief can be granted, or in the alternative, for an order requiring the complaint to state each claim separately, an order striking from the complaint alleged redundant and immaterial matter and for an order directing a more definite statement.

The complaint alleges in effect that the defendant is a mercantile agency which furnishes reports as to the financial structure of various businesses and that it furnished reports with reference to the business of the plaintiff on or about June 28, 1956, May 3, 1957 and January 28, 1958, and on other occasions, which reports contained a recitation of criminal indictments, arrests and convictions of two individuals who, although described in the reports as neither officers nor directors of the plaintiff, but as employees of the plaintiff, nevertheless intimated that they were principals of the plaintiff. The complaint alleges that the reports were willfully, wrongfully and wantonly published solely for the malicious purpose of destroying the plaintiff's reputation and to prevent it from procuring credit upon the easiest and most economical terms and in order to maliciously impair its normal growth and expansion, and that plaintiff's credit standing has been impaired. The complaint does not allege that the reports were false.

 Defendant's motion to dismiss the complaint seems to be predicated upon the belief that the action is one for libel. The plaintiff, however, takes the position that it is not bringing a suit

for libel but rather is bringing an action for a "prima facie tort." * Therefore, the plaintiff does not allege that the facts stated in the reports put out by the defendant were false but alleges that the action is based on that rule of law by which statements may be actionable without a word of falsehood, where the maker acts solely out of malice or malevolence. Al Raschid v. News Syndicate Co., 1934, 265 N.Y. 1, 191 N.E. 713; Ledwith v. International Paper Co., Sup., 64 N.Y.S.2d 810, affirmed 1946, 271 App. Div. 864, 66 N.Y.S.2d 625, leave to appeal denied, 1947, 271 App.Div. 916, 67 N.Y. S.2d 688; Brandt v. Winchell, 1958, 3 N.Y.2d 628, 170 N.Y.S.2d 828, 148 N.E. 2d 160. Therefore, the question as to whether the complaint would be sufficient as an action for libel is not now before the Court. The principal issue at the trial will be whether the publication of the reports was actuated solely by "malice" in a situation where the Court may not ignore the wrongful motive of the actor.

 Under the circumstances the complaint sufficiently states a claim within the meaning of Rule 8 of the Rules of Civil Procedure, 28 U.S.C.A., in that it states "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint should not be dimissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 1957, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed. 2d 80; see Dioguardi v. Durning, 2 Cir., 1934, 139 F.2d 774; 2 Moore, Federal Practice, Par. 8.13 at p. 1653.

If the defendant wishes a more definite statement of the basis of plaintiff's claim, it may proceed under the Federal Rules to serve interrogatories. Likewise it is not necessary to strike from the complaint alleged redundant and immaterial matter because the presence of such matter in the complaint does not seem to be prejudicial at the present stage of the proceedings.

The motion is denied. So ordered.

---

\* This is the theory that *"prima facie,* the intentional infliction of temporal damages is a cause of action, which \* \* \* requires a justification if the defendant is to escape." Aikens v. Wisconsin, 1904, 195 U.S. 194, 204, 25 S.Ct. 3, 5, 49 L.Ed.

154; Brandt v. Winchell, 1958, 3 N.Y.2d 628, 633, 170 N.Y.S.2d 828, 148 N.E.2d 160; Advance Music Corp. v. American Tobacco Co., 1946, 296 N.Y. 79, 70 N.E. 2d 401.