**Arnold LEON, Plaintiff,**

v.

**HOTEL AND CLUB EMPLOYEES UNION LOCAL 6, Defendant.**

United States District Court
S. D. New York.

Nov. 30, 1960.

Arnold Leon, Miami, Fla., plaintiff, pro se.

Boudin, Cohn & Glickstein, for defendants.

BICKS, District Judge.

Defendant moves for an order directing (1) plaintiff to serve an amended complaint containing separate counts and numbered paragraphs, and (2) setting forth a more definite statement of the grounds upon which this court has jurisdiction.

 Plaintiff appears pro se. In a neatly typed, two page complaint, properly captioned and signed, he alleges that he has been wrongfully expelled from defendant union and effectively denied employment as the result of agreements between the defendant and various employers. The complaint, although it flows from a congeries of events (alleged dismissal and blacklisting), states a single claim: separation into counts would be superfluous. Since the complaint contains only seven paragraphs and an *ad damnum* clause, plaintiff's failure to number these cannot be said to prejudice defendant. In sum, the complaint is sufficient to give fair notice of the claim asserted; this is the hallmark of a complaint in Federal court. See, 2 Moore, Federal Practice, Par. 8.13, p. 1649, fn. 6; Dioguardi v. Durning, 2 Cir., 1944, 139 F.2d 774.

 Defendant's motion under Rule 12(e), F.R.Civ.P., 28 U.S.C.A., seeking a more definite statement of the basis of this court's jurisdiction, misconceives the function of the motion for a more definite statement. Rule 12(e) permits such a motion when vagueness and/or ambiguity in the pleading attacked is such "that a party cannot reasonably be required to frame a responsive pleading * * *." The fact that plaintiff has stated dual grounds to support this court's jurisdiction does not create the vagueness or ambiguity upon which a Rule 12(e) motion must be based. Plaintiff's complaint, fairly construed, is susceptible of answer in the usual manner. Information as to the basis of jurisdiction not contained in plaintiff's complaint may be ascertained through the discovery mechanisms of the federal rules; and, of course, objections as to jurisdiction are never waived.

It may be that plaintiff's motion under Rule 12(e) is preparatory to a motion to dismiss. Rule 12(e) is designed to enable a litigant to answer, not to move for dismissal. See, 2 Moore, Federal Practice, Par, 12.18[4], p. 2307–2308, Harrington v. Yellin, D.C.E.D.Pa.1958, 158 F.Supp. 456, 459; U. S. Aluminum Siding Corp. v. Dun & Bradstreet, D.C.S.D. N.Y.1958, 163 F.Supp. 906.

Since plaintiff has alleged residence outside of the state of New York, defendant's demand for security for costs in the amount of $250 will be granted.

So ordered.