**HYLTE BRUKS AKTIEBOLAG and Nymolla, AB, Plaintiffs,**

v.

**The BABCOCK & WILCOX COMPANY, Defendant.**

**No. 68 Civ. 3462.**

United States District Court
S. D. New York.

Oct. 30, 1968.

White & Case, New York City, for plaintiffs; by John M. Johnston and Thomas A. Butler, New York City, of counsel.

Walsh & Frisch, New York City, for defendant; by E. Roger Frisch, New York City, of counsel.

## OPINION

POLLACK, District Judge.

The defendant, The Babcock & Wilcox Company (hereafter B&W), moves pursuant to Rule 12(e) of the Federal Rules of Civil Procedure for a more definite statement of the claims in the amended complaint, ostensibly to enable it to answer with confidence that it understands the true nature of the charges.

The background of this action is as follows.

In 1959, the plaintiff, Hylte Bruks, entered into two agreements with B&W. One agreement was a contract for the purchase of equipment. The other agreement, a license, provided for the furnishing by B&W of certain "know-how" to Hylte Bruks. The equipment contract contained an arbitration clause but the license agreement did not. In these agreements B&W undertook to design, manufacture and install a chemical recovery system for a proposed new pulp mill to be constructed at Ivetofta, Sweden. Hylte Bruks formed a wholly-owned subsidiary, Nymolla AB, for this project; and in due course the parent transferred the mill to its subsidiary, including the equipment manufactured and installed by B&W. The contract of sale of the equipment was, by its terms, non-assignable. The license agreement, however, permitted assignment thereof to a successor in interest of the Hylte Bruks' operations at Ivetofta.

On April 19, 1967, both Hylte Bruks and its subsidiary demanded that B&W should arbitrate their claim that the equipment was defective in several respects. This demand for arbitration followed several years of unsuccessful efforts by all three parties to resolve complaints about the mill's operation.

The defendant objected to arbitrating with Nymolla present; and Nymolla eventually withdrew from the arbitration proceedings. Nymolla then sued in this Court on the equipment contract. That suit was dismissed by Judge Metzner on the ground that Nymolla was neither a party to the equipment contract nor a third party beneficiary of it, 67 Civ. 2403 and 67 Civ. 4041, S.D.N.Y., February 13, 1968. And, to expedite a determination of the merits of the dispute under the contract, Judge Metzner directed arbitration between Hylte Bruks and defendant on the equipment contract. On appeal, the Court of Appeals affirmed, Hylte Bruks Aktiebolag v. Babcock & Wilcox Co., 399 F.2d 289 (2d Cir. 1968). The appellate court summarized the controversy presented in that suit as follows:

"The real basis of the controversy in this case is a claim by Nymolla for a loss of income and profits resulting from its inability to produce wood pulp because of alleged defects in the recovery system furnished by B & W

under the contract with Hylte Bruks. * * * It [Nymolla] now seeks to recover its èconomic loss from B & W, the manufacturer." 399 F.2d at 294.

The Court of Appeals outlined the practical aspect of the prior litigation in the following language:

" * * * Nymolla has found itself up against difficulties in suing for redress. On the one hand Nymolla is not itself in privity with B & W under the contract; and on the other hand, Hylte Bruks, which has such privity and would like to see Nymolla recover its losses, has not suffered the particular damage asserted." Ibid.

The Court of Appeals nonetheless suggested that judicial relief might be sought by Nymolla for breach of warranty based on alleged misrepresentation of the capacity of the mill, viz.:

" * * * the evidentiary material presented by Nymolla may suggest a cause of action by Nymolla as a purchaser for breach of warranty against B & W, as the manufacturer, on the ground of representations made that the pulp mill would have a capacity of 200 metric tons of bleached pulp per day. * * * The only reason for mentioning it here at all is that, if such an action were brought, the present opinion and holding should not be construed as *res adjudicata* as to such an action, nor should it be interpreted as barring by equitable estoppel, proof of representations made by B & W in connection with the making of the contract or in the express provisions of the contract itself, insofar as they were pointed out to and relied upon by Nymolla after its incorporation." (Footnotes omitted) Id., at 294–295.

In a concurring opinion, Chief Judge Lumbard questioned the advisability of speculating on possible remedies for Nymolla's predicament and stated that the addenda expressed in the Court's opinion "have only the featherweight of dicta". Id., at 295.

The present suit was commenced on August 28, 1968 and the amended complaint now before the Court was thereafter filed. It alleges three categories of claims, namely: (1) breach of the license agreement, a claim which is not covered by the arbitration agreement contained in the equipment contract; (2) reformation of the equipment contract; and (3) claims for breach of warranty which follow the suggestion of the Court of Appeals. The plaintiffs assert that these causes of action have nothing to do with either the pending arbitration proceeding or with the prior legal proceedings. The defendant, on the other hand, characterizes the plaintiffs' law suit as an open attempt to circumvent the judgment dismissing Nymolla's prior suit.

■ The criterion for a motion to make a complaint more definite and certain, as expressed in the Rule, is whether because of excessive vagueness or ambiguity of the complaint it is unreasonable to require a responsive pleading.

"The clear trend of the recent decisions is to deny motions for a more definite statement unless the complaint is so excessively vague and ambiguous as to prejudice defendant seriously in attempting to answer it." Gann v. Bernzomatic Corp., 262 F. Supp. 301, 304 (S.D.N.Y.1966).

The affidavit of defendant's counsel acknowledges that most of the facts upon which this law suit purports to be founded are known to B & W. It also appears that substantial discovery by each side has been had on the underlying matter, in prior proceedings, and that defendant has served a notice to examine the plaintiffs in this action.

The criticism of the amended complaint made by the defendant is directed to lack of evidentiary particulars; it also seeks a choice by plaintiffs of legal theories applicable to the allegations; and the defendant would require semantic perfection from the plaintiffs in the structure of the charges. The thrust of

much of defendant's position on this motion relates to the insufficiency of what now appears in the pleading.

 For example, the defendant claims that the first cause of action is ambiguous because it appears to charge B & W with breaching both the license agreement and the equipment contract. However, the equipment is mentioned in the first claim only as the defective outcome of the breached licensing agreement; and the equipment contract itself is mentioned not at all. Further, the defendant claims that the pleading should state exactly when the license was transferred, which of the plaintiffs was injured and when, and which plaintiff is asserting the claim. The plaintiffs properly reply that such inquiries are left to the discovery process and that a motion under Rule 12(e) is not to be used for such clarification. U. S. Aluminum Siding Corp. v. Dun & Bradstreet, Inc., 163 F.Supp. 906 (S.D. N.Y.1958). Further, plaintiffs point to the prayer for relief in their amended complaint in which it is clearly stated that both plaintiffs are asserting this first claim.

 The attack by the defendant on the breach of warranty claims set forth in the amended complaint is basically a demand for identification of the particular legal theory on which the plaintiffs rely. This, by itself, is not sufficient to support a motion under Rule 12(e). MacDonald v. Astor, 21 F.R.D. 159 (S. D.N.Y.1957).

A reading of the complaint in its present form gives sufficiently clear notice of the nature of the grievance asserted and the relief sought. Defendant will not be prejudiced by a requirement to answer this complaint in its present form. The defendant's claimed areas of confusion can be more appropriately cleared up, if need be, by pretrial discovery. If there is any ground for asserting legal insufficiency of any claim or for asserting that a claim is embraced by the arbitration agreement or barred by prior adjudication, that is not matter properly raised by such a motion as the one now before the Court. Leon v. Hotel and Club Employees Union Local 6, 26 F.R.D. 158 (S.D.N.Y.1960).

The motion for a more definite statement of the claims is in all respects denied.

So ordered.