**Philip BOOTHE, Plaintiff,**

v.

**TRW CREDIT DATA and Fideli-facts/Metropolitan, N. Y., Inc., Defendants.**

**No. 80 CIV. 5073 (CBM).**

United States District Court, S. D. New York.

April 30, 1981.

---

Philip Boothe, pro se.

Townley & Updike by Jerome P. Coleman, New York City, for TRW Credit Data.

Wexler & Burkhart, P.C. by Stephen B. Wexler, David Hirschberg, New York City, for Fidelifacts/Metropolitan, N. Y., Inc.

## MEMORANDUM OPINION

MOTLEY, District Judge.

This is an action for monetary and injunctive relief brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the Act), which permits consumer reporting agencies to furnish consumer reports only under certain specified circumstances and provides conditions of disclosure to consumers. Plaintiff, Philip Boothe, alleges that defendants, TRW Credit Data (TRW) and Fidelifacts/Metropolitan New York, Inc. (Fidelifacts), released a report concerning Mr. Boothe which contained false and defamatory information to a private investigator employed by a company with which Mr. Boothe had no business dealings, in violation of sections 604 and 607 of the Act. He also alleges that he was given false information by the defendants when he inquired about the release of the report, in violation of section 610 of the Act. Mr. Boothe claims that these actions on the part of defendants constituted an invasion of his privacy and resulted in a threat to his family's security and to his business.

Defendants moved to dismiss the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted, on the ground that the Act does not apply to the report in question. Because both parties submitted affidavits for the court's consideration, the motion will be treated as one for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. TRW also moved to strike the complaint on the grounds that it does not provide numbered paragraphs, pursuant

to Rule 10(b), it was not signed by plaintiff's attorney of record, pursuant to Rule 11, and it so vague and ambiguous that TRW cannot reasonably be required to frame a responsive pleading, pursuant to Rule 12(e). For the reasons discussed below, defendants' motions are denied.

The following facts concerning the purpose of the investigation of Mr. Boothe which led to the release of the report in question are not in dispute. Mr. Boothe does business by mail, under the name Quality Mail Order House (Quality), from a post office box in Jamaica, New York. He offered to sell Johnny Walker Red Label Scotch to an overseas distributor which notified Distillers Ltd., the British company that produces the whiskey. Distillers Ltd. retained Edward Askew Associates, a private investigative service in London, to investigate Quality in order to find out if the whiskey Quality was offering for sale was contraband or counterfeit. Mr. Askew contacted defendant Fidelifacts in November, 1979, for information about Quality. Fidelifacts furnished Askew with the name and address of the holder of Quality's post office box, i. e., Mr. Boothe, and ordered a credit report from TRW which it forwarded to Askew.

Defendants argue that the complaint fails to state a claim upon which relief may be granted because the Act does not apply to business credit reports, but only to reports on individual consumers. They claim that the report which they made available to Mr. Askew was not a consumer report as defined by the Act because the investigation in connection with which it was released was a legitimate, good faith investigation of Mr. Boothe's business, unconnected to any consumer credit transaction.

The Act defines "consumer report" as: any written oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for 1) credit or insurance to be used primarily for personal, family, or household purposes, or 2) employment purposes, or 3) other purposes authorized under section 1681b of this title.

15 U.S.C. § 1681a(d). Whether a report collected and released by a consumer reporting agency constitutes a "consumer report" under the Act, then, depends on the contents of the report and the purpose of the report. If the purpose of the report is not among the enumerated purposes which define "consumer report," the Act does not provide protection to the consumer.

It is clear from its legislative history that the Act was intended to apply only to reports which relate to the consumer's eligibility for personal credit or other commercial benefits as a consumer, and not to the consumer's business transactions. The statement of the Fair Credit Reporting Bill's House sponsor, Representative Sullivan, sets forth the concern of Congress in passing the statute.

The purpose of the Fair Credit Reporting Bill is to protect consumers from inaccurate or arbitrary information in a consumer report which is used as a factor in determining an individual's eligibility for credit, insurance or employment. It does not apply to reports used for business, commercial or professional purposes.

116 *Cong. Record* 36,572 (1970).

Defendants also point to several cases in which the courts dismissed the complaint for failing to state a claim under the Act because the report in question was not made in connection with employment, credit or insurance for personal, family or household purposes. *See, e. g., Sizemore v. Bambi Leasing Corp.*, 360 F.Supp. 252 (N.D. Ga.1973); *Porter v. Talbot Perkins Children's Services*, 355 F.Supp. 174 (S.D.N.Y. 1973); *Wrigley v. Dun & Bradstreet*, 375 F.Supp. 969 (N.D.Ga.), *aff'd*, 500 F.2d 1183 (5th Cir. 1974); *Henry v. Forbes*, 433 F.Supp. 5 (D.Minn.1976); *Ley v. Boron Oil Co.*, 419 F.Supp. 1240 (W.D.Pa.1976).

The report in the instant case can be distinguished from those in the cases cited above because Mr. Boothe claims that it was collected and maintained for the purposes listed in section 1681a(d), rather than in connection with his business. The purpose of the investigation in connection with which the report was released does not by itself determine whether the report is a "consumer report," as defendants suggest. It is true that if the report was compiled solely for the purpose of aiding in an investigation of a consumer's business or for determining a consumer's eligibility for commercial credit, it is not a consumer report, even if it contains information about the consumer. *Sizemore v. Bambi Leasing Corp., supra; Wrigley v. Dun & Bradstreet, supra.* However, if the report was collected for one of the purposes listed in section 1681a(d), it is a consumer report, regardless of the reason *for which* it is subsequently disseminated. Thus, the proper focus for determining whether a report falls under the Act's definition of consumer report is the purpose for which it was *collected,* and not solely the purpose for which it was released.

Defendants would have this court hold that the release of a consumer report to a third party for a purpose not permitted by the Act converts the report into one outside the scope of the Act. Such a holding would render section 1681b, which restricts the release of consumer reports to certain specified circumstances, totally ineffective. The Act applies when the information in question was collected for one of the purposes provided in the Act, and it requires that the information be made available to third parties only for those purposes.

> One of the objectives of the Act is: to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, *with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of [the Act].*

15 U.S.C. § 1681(b) (emphasis added). Mr. Boothe's claim is precisely that this objective of the Act was contravened by the defendants' release of a report about him without his knowledge or consent to a party with whom he had no business dealings.

While the facts concerning the purpose of Mr. Askew's investigation of Mr. Boothe are not in dispute, there is a dispute as to the nature of the report that was furnished to Mr. Askew. Mr. Boothe states that the report was entitled a "Private Consumer Report," that it was gathered prior to and independently of the investigation of his business, and that it contains personal information about him and his wife. *See* Boothe's Affirmative Answer in Opposition dated October 27, 1980, at 8 and 10. The defendants, on the other hand, state that the report in question was a credit report on Mr. Boothe's business and that it was not issued with regard to plaintiff as an individual consumer. *See* Hirschberg Affirmation at 2. This dispute must be resolved at trial in order for the court to determine whether the report was collected for one of the purposes which define a consumer report under section 1681a(d). Because of the existence of this disputed issue of material fact, the court denies defendants' motion for summary judgment. *See Sartor v. Arkansas Natural Gas Corp.,* 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967 (1944); *Weinberger v. Hynson, Wescott & Dunning,* 412 U.S. 609, 93 S.Ct. 2469, 37 L.Ed.2d 207 (1973).

TRW also moves to strike the complaint on the grounds that it does not provide numbered paragraphs, it is not signed by Mr. Boothe's attorney of record, and it is vague and ambiguous. Although Mr. Boothe has made several efforts to obtain an attorney, this law suit has been handled almost entirely *pro se.* The complaint and all the other pleadings filed in this action on behalf of Mr. Boothe were drafted by Mr. Boothe himself, without assistance of counsel. *See* Boothe Affirmative Rebutting Answer in Opposition, dated November 20, 1980; Boothe Affirmative Statement Returnable 1–30–81.

A motion for a more definite statement may be granted only if "a pleading . . . is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading . . . ." Fed.R.Civ.P. 12(e). The clear trend of recent decisions under the Federal Rules is to deny motions for a more definite statement unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it. *See Hylte Bruks Aktiebolag v. Babcock & Wilcox Company,* 45 F.R.D. 357, 359 (S.D.N.Y.1968); *American Civil Liberties Union v. City of Chicago,* 431 F.Supp. 25, 29 (N.D.Ill.1976). The preferred course is to encourage the use of discovery procedures to apprise the parties of the factual basis of the claims made in the pleadings. *Stromillo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 54 F.R.D. 396, 397 (E.D.N.Y.1971); *Fairmont Foods Co. v. Manganello,* 301 F.Supp. 832, 839 (S.D.N.Y. 1969); *Hodgson v. Virginia Baptist Hospital,* 482 F.2d 821, 824 (4th Cir. 1973).

> The complaint is designed to apprise the defendant of the incident out of which a cause of action arose and the general nature of the action. The relevant facts may be determined by discovery, with the pleadings being liberally construed so as to do substantial justice and facilitate a proper decision on the merits.

*Roberts v. Acres,* 495 F.2d 57, 57-58 (7th Cir. 1974).

The court finds that the complaint in this action is not so unintelligible as to require the filing of a more definite statement of Mr. Boothe's claims with numbered paragraphs. The first two pages of the complaint state the specific sections of the Act which Mr. Boothe claims were violated by defendants, as well as the actions which he alleges constituted these violations. Most of the facts surrounding the release of the credit report, which is the basis of this action, are known to defendants. Although the complaint is written in the language of a layman and not with the precision and legal terminology of a complaint drafted by an attorney, defendants have been given fair notice of the nature of the claims they are called upon to defend. This is the hallmark of the complaint in federal court. *Dioguardi v. Durning,* 139 F.2d 774 (2d Cir. 1944); *Leon v. Hotel and Club Employees Union Local 6,* 26 F.R.D. 158 (S.D.N.Y. 1960).

In addition, the court finds that granting TRW's motion will not facilitate moving this case towards trial. The court has already granted several extensions of time to allow Mr. Boothe to obtain an attorney. It would be fruitless to require further delay while Mr. Boothe attempts to draft another complaint. More important, the defendants have been able to frame a motion to dismiss which responds to the allegations set forth in the complaint. Accordingly, TRW's motion to strike the complaint is denied.