**Nan E. MATTHEWS, Appellant,**

v.

**WORTHEN BANK & TRUST COMPANY, Appellee.**

**No. 83–2354.**

United States Court of Appeals, Eighth Circuit.

Submitted May 24, 1984.

Decided Aug. 23, 1984.

Rehearing and Rehearing En Banc Denied Sept. 21, 1984.

Tripper Cronkhite, Little Rock, Ark., for appellant.

Garland J. Garrett and Kenneth R. Shemin, The Rose Law Firm, P.A., Little Rock, Ark., for appellee.

Before ROSS, McMILLIAN and FAGG, Circuit Judges.

PER CURIAM.

Nan Matthews brought this suit in district court[1] alleging that Worthen Bank (Worthen) violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.* At the conclusion of Matthews's case, the district court directed a verdict in favor of Worthen. We affirm.

Matthews attempted to purchase a liquor store and lease space in the Mini Mall. The Mini Mall shopping center is owned by a

---

1. The Honorable Elsijane T. Roy, United States District Judge for the Eastern District of Arkansas.

partnership composed of Barbara and John Baber and Jean Cross. The partnership had an outstanding loan with Worthen. The main source of funds for repayment of the loan was the rent from the Mini Mall leases.

The partnership discussed Matthews's request for a lease with David Boerner, an officer of Worthen. Boerner reviewed Matthews's financial settlement on behalf of the partnership. Matthews or her real estate agent had furnished the statement to the partnership for the use of the partnership. Boerner also obtained a credit report on Matthews and discussed it with the partners. The partners subsequently determined that Matthews had not demonstrated the financial ability and experience they were looking for in a long-term tenant. The partners acknowledge, however, that Matthews's credit report contained no damaging information.

Matthews commenced this action against Worthen, alleging that Worthen violated the FCRA by disclosing the information from the credit bureau to the partners. She claimed that Worthen obtained the report under false pretenses. She requested compensatory and punitive damages.

For reversal Matthews argues that the district court erred in finding that the FCRA does not apply to a credit report obtained in connection with a business transaction and in refusing to accept as evidence the contract between Worthen and the credit bureau.

 We find that this particular transaction was exempt from the FCRA because the credit report was used solely for a commercial transaction. As explained by the court in *Boothe v. TRW Credit Data,* 523 F.Supp. 631 (S.D.N.Y.1981):

It is clear from its legislative history that [FCRA] was intended to apply only to reports which relate to the consumer's eligibility for personal credit or other commercial benefits as a consumer, and not to the consumer's business transactions. The statement of the Fair Credit Reporting Bill's House sponsor, Representative Sullivan, sets forth the concern of Congress in passing the statute.

The purpose of the Fair Credit Reporting Bill is to protect consumers from inaccurate or arbitrary information in a consumer report which is used as a factor in determining an individual's eligibility for credit, insurance or employment. It does not apply to reports used for business, commercial or professional purposes.

*Id.* at 633 (citation omitted).

 Matthews also contends that the court erred in refusing to accept the contract between Worthen and the credit bureau into evidence. Matthews sought to introduce the contract to show that Worthen breached its agreement with the credit bureau when it obtained her credit report. Matthews argues that Worthen obtained the report under false pretenses, in violation of section 1681q. The trial court has broad discretion in determining the relevancy of proposed evidence. *Minnesota Farm Bureau Marketing Corp. v. North Dakota Agricultural Marketing Ass'n, Inc.,* 563 F.2d 906, 911 (8th Cir.1977). Here, the court found the entire transaction to be outside the protection of the FCRA. That being the case, the contract between Worthen and the credit bureau bore no relevancy to the issue at hand. Therefore, under these circumstances, the district court did not abuse its discretion.

 Furthermore, in the context of this case, even assuming that the credit report was within FCRA's coverage, Matthews's argument that Worthen obtained the credit report under false pretense has no merit. From a review of the record, there is evidence that Worthen had a permissible purpose for obtaining the report. Section 1681b(3)(E) states that a credit reporting agency may disclose consumer credit reports to a person that it has reason to believe "has a legitimate business need for the information in connection with a business transaction involving the consumer." The evidence shows that Worthen had a legitimate business need for the information.

**220**

Accordingly, the judgment of the district court is affirmed.