laCANNELLA, Judge.
Defendants, National Information Services, Inc. (NIS) and Lawrence Roe Dodd *56 (Dodd) appeal from a partial summary judgment rendered in favor of plaintiff, Warren L. Gottsegen (Gottsegen). For the reasons which follow, we reverse the district court judgment which granted the partial summary judgment in favor of Gottsegen and denied the summary judgment in favor of NIS and Dodd and remand for further proceedings.
On or about September 28, 1988, Gottse-gen and others executed a mortgage note in the original principal amount of $349,600, with interest set forth in the note, payable to Pelican Homestead Savings and Loan Association (Pelican) and secured by certain property in Baton Rouge, Louisiana. Pelican thereafter became insolvent and was placed into receivership. The Resolution Trust Corporation (RTC) became the 1 ^authorized receiver of Pelican and its assets, including the Gottsegen mortgage note.
Dodd, a Baton Rouge attorney and sole shareholder and director of NIS, became interested in purchasing the Gottsegen note from the RTC. He commenced an investigation to evaluate the merits of purchasing the note. To that end, on December 15,1993, he obtained a credit report on Gottsegen from the Baton Rouge Credit Bureau. Thereafter, a representative of NIS traveled to Dallas, Texas for further investigation of Gottse-gen’s credit file. On May 2, 1994, Dodd obtained a second copy of Gottsegeris credit report to help him determine the collectibility of the Gottsegen note prior to purchasing it from RTC. On June 16, 1994, NIS purchased the Gottsegen note from the RTC.
On September 19,1994, Gottsegen filed the instant action, in Jefferson Parish, against defendants for damages he allegedly suffered as a result of intentional torts perpetrated by defendants, to wit, invasion of privacy, intentional infliction of emotional distress and malicious prosecution. Among the allegations contained in the petition, Gottsegen alleged that defendants obtained his credit report in violation of federal and state law.
Meanwhile, notices of default were sent to Gottsegen by Dodd on behalf of NIS. On November 21, 1994, NIS filed a Petition for Executory Process in East Baton Rouge Parish. The order for seizure of the mortgaged property was signed on January 6, 1995 and the mortgaged property was sold, at Sheriffs sale on December 13,1995.
On November 3, 1995, in the Jefferson Parish lawsuit, defendants filed for a summary judgment asserting that the procurement of plaintiffs credit report was in full compliance with law. On February 28, 1996, ^Gottsegen filed a partial motion for summary judgment asserting that there were no genuine issues of material fact and that he was “entitled to judgment as a matter of law holding that National Information Services, Inc. and Lawrence Roe Dodd accessed his credit report in violation of the Fair Credit Reporting Act, 15 U.S.C.A. [§§] 1681 et seq.” Hearing on plaintiffs motion was held on March 14,1996 and on defendants motion on March 4, 1996 and the matters were taken under advisement. On April 4, 1996, the trial court rendered judgment, without reasons, denying defendants’ motion for summary judgment and granting Gottsegen’s motion for partial summary judgment. It is from this judgment that defendants appeal.[1]
On appeal defendants focus their argument on the statutory interpretation of the Fair Credit Reporting Act. They argue that their procurement of Gottsegen’s credit report was in accordance with law. Gottsegen argues to the contrary that the Fair Credit Reporting Act does not authorize obtaining a credit report under the circumstances presented here.
The legal principles regarding summary judgment are, of course, well settled. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. American Bank v. Saxena, 553 So.2d 836 (La.1989). The burden of proof is on the mover to establish that there are no genuine *57 issues of material fact; only when reasonable minds must inevitably concur Isis summary judgment warranted. Id.
Defendants rely on 15 U.S.C.A. § 1681b(3)(A) and (E) in support of their argument that their procurement of Gottse-gen’s credit report was in accordance with law. That statute provides:
A consumer reporting agency may furnish a consumer report under the following circumstances and no other:
(3) To a person which it has reason to believe -
(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or
* * * * * *
(E) otherwise has a legitimate business need for the information in connection with a business transaction involving the consumer.
In our view, defendants’ reliance on this statute is well placed. Defendants, in considering whether to purchase the note executed by Gottsegen and the likelihood that he could meet the payments on the note, had a legitimate business need for the information in connection with a business transaction involving the consumer. This view is supported by several federal cases. Estiverne v. Sak’s Fifth Avenue, 9 F.3d 1171 (5th Cir.1993); Matthews v. Worthen Bank & Trust Co., 741 F.2d 217 (8th Cir.1984); Yonter v. Aetna Finance Co., 777 F.Supp. 490 (E.D.La.1991); Cambridge Title Co. v. Transamerica Title Ins. Co., 817 F.Supp. 1263 (D.Md.1992).
As stated in Yonter, supra, in the context of procuring a credit report for prescreening before offering credit, quoting from the Federal Trade Commission Official Staff Commentary, “[t]he presence of an intent by the user of the prescreening service to grant credit provides a sufficient nexus ^between creditor and consumer to meet the statutory requirement that the creditor intends to use the information ‘in connection with a credit transaction ... involving an extension of credit to the consumer.’ ”
Similarly, under the facts of this case, where defendants had a legitimate business need for the information, to determine the likelihood of the consumer’s ability to pay the note they were intending to purchase, there was no violation of the statute in obtaining the credit report.
Accordingly, for the reasons set forth above, the judgment of the trial court, granting Gottsegen’s motion for partial summary judgment and denying defendants’ motion for summary judgment, is reversed. The motion for summary judgment filed by defendants is hereby granted. The matter is remanded to the district court for further proceedings consistent with the views expressed herein.
REVERSED AND REMANDED.

. While it appears from the pleadings that there are other issues in this case concerning liability, the parties both agreed in oral argument to the contrary, that resolution of this issue would be determinative of liability.