■ DIANNE HARRIGAN, Respondent, v SUPER PRODUCTS CORPORATION et al., Appellants. [654 NYS2d 503] —Order unanimously affirmed without costs. Memorandum: Plaintiff sustained injuries while using a high-powered sewer cleaner manufactured by defendant Super Products Corporation (Super Products) and distributed by defendant Dow & Co., Inc. (Dow). The complaint alleged causes of action against both defendants for negligence and strict products liability, and Dow asserted a cross claim against Super Products for common-law indemnification.

Supreme Court properly denied Super Products' motion for summary judgment dismissing the complaint. Plaintiff alleged, *inter alia,* that the sewer cleaner was defectively designed because it was not equipped with an adequate restraint for the water hose, and Super Products offered no proof rebutting that allegation. Plaintiff further alleged that the product was defective because of inadequate warnings. "The adequacy of the instruction or warning is generally a question of fact to be determined at trial and is not ordinarily susceptible to the drastic remedy of summary judgment" (*Beyrle v Finneron,* 199 AD2d 1022; *see, Oliver v N.L. Indus.,* 170 AD2d 959), and Super

Products failed to establish that it had no duty to warn or that the duty was discharged as a matter of law (*cf., Alessandrini v Weyerhauser Co.*, 207 AD2d 996).

The court also properly denied the motion of Dow for summary judgment dismissing the complaint or, in the alternative, for summary judgment on its cross claim against Super Products for common-law indemnification. Although Dow did not design or manufacture the sewer cleaner, it is well settled that "[d]istributors of defective products, as well as retailers and manufacturers, are subject to potential strict products liability" (*Giuffrida v Panasonic Indus. Co.*, 200 AD2d 713, 715; *see, Putnick v H.M.C. Assocs.*, 137 AD2d 179, 183, n). There is no evidence that Dow was only a "casual or occasional seller" of sewer cleaners (*Colopy v Pitman Mfg. Co.*, 206 AD2d 864) to exempt it from strict products liability (*see, Sukljian v Ross & Son Co.*, 69 NY2d 89, 95). We further conclude that, in the absence of proof relating to the training class conducted by Dow as part of its distribution of the sewer cleaner, Dow's motion was premature insofar as it sought dismissal of the negligence cause of action. Finally, because Dow is not entitled to summary judgment dismissing the negligence cause of action, it also is not entitled to summary judgment on its cross claim (*see, Hollenbaugh v Frontier Asphalt*, 231 AD2d 865). (Appeals from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Denman, P. J., Green, Pine, Balio and Boehm, JJ.