■ STEPHEN BIELICKI et al., Appellants-Respondents, v T. J. BENTEY, INC., et al., Respondents, and J. C. TRUCK EQUIPMENT, INC., Respondent-Appellant. (And a Third-Party Action.) [670

NYS2d 585] —In an action, *inter alia,* to recover damages for personal injuries, etc., the plaintiffs appeal from so much of (1) an order of the Supreme Court, Richmond County (Sangiorgio, J.), entered January 17, 1997, as granted the separate motions of the defendants J.C. Truck Equipment, Inc., and Truck King International Sales and Service, Inc., for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against them, and (2) an order and judgment (one paper) of the same court, entered May 27, 1997, as dismissed the complaint and all cross claims insofar as asserted against the defendants J.C. Truck Equipment, Inc., and Truck King International Sales and Service, Inc., respectively. The defendant J.C. Truck Equipment, Inc., appeals from an order of the same court, entered June 5, 1996, which denied that branch of its motion which was to compel the disclosure of records of the New York University Medical Center, and cross-appeals from (1) so much of the order entered January 17, 1997, as denied its motion for reargument, and (2) so much of the order and judgment (one paper) as denied its motion for reargument.

Ordered that the cross appeals from the order entered January 17, 1997, and the order and judgment entered May 27, 1997, are dismissed, as no cross appeal lies from so much of an order or order and judgment as denies reargument; and it is further,

Ordered that the appeals from the orders entered June 5, 1996, and January 17, 1997, are dismissed; and it is further,

Ordered that the order and judgment entered May 27, 1997, is reversed insofar as appealed from, on the law, so much of the order entered January 17, 1997, as granted the separate motions of the defendants J.C. Truck Equipment, Inc., and Truck King International Sales and Service, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is vacated, and the motions for summary judgment are denied; and it is further,

Ordered that the plaintiffs are awarded one bill of costs payable by the defendants J.C. Truck Equipment, Inc., and Truck King International Sales and Service, Inc.

The appeal from the intermediate orders entered June 5, 1996, and January 17, 1997, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment (one paper) in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order entered January 17, 1997, are brought up for review and have been considered on the appeal from the order and judgment (one paper). The issues raised on the appeal by

J.C. Truck Equipment, Inc. (hereinafter J.C. Truck), from the order entered June 5, 1996, are not brought up for review on the cross appeal from the order and judgment (one paper). The order entered June 5, 1996, which denied that branch of a motion which was to compel the disclosure of certain medical records, does not "necessarily affect" the order and judgment (one paper) (see, CPLR 5501 [a] [1]; Matter of Kittelberger, 4 NY2d 740; Dulber v Dulber, 37 AD2d 566, affd 29 NY2d 408). In any event, there is no merit to the contentions with respect to that order.

The plaintiff, an employee of the New York City Transit Authority (hereinafter the Transit Authority), allegedly sustained personal injuries when he fell from a hydraulic aerial lift platform which was installed on the rear of a Transit Authority cable truck. The truck in question had been purchased by the Transit Authority from the defendant Truck King International Sales and Service, Inc. (hereinafter Truck King). Previously, Truck King had delivered the chassis and cab to J.C. Truck for the installation of a box and body. Next, J.C. Truck delivered the truck to the defendant T.J. Bentey, Inc. (hereinafter T.J. Bentey) for the installation of a hydraulic aerial lift platform that T.J. Bentey had manufactured. The completed truck was returned to J.C. Truck, where it was inspected. The truck was then returned to Truck King, who, in turn, delivered it to the Transit Authority.

The injured plaintiff and his wife commenced this action asserting causes of action, inter alia, in strict products liability, on the theory that the aerial lift was defectively designed because it lacked an interlock which would have prevented the raising and/or rotating of the aerial lift platform unless safety railings were in place. The defendants J.C. Truck and Truck King separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, arguing, inter alia, that they did not manufacture the aerial lift platform. The Supreme Court granted these motions, prompting this appeal.

It is well settled that " '[d]istributors of defective products, as well as retailers and manufacturers, are subject to potential strict products liability' " (Harrigan v Super Prods. Corp., 237 AD2d 882, 883; Giuffrida v Panasonic Indus. Co., 200 AD2d 713, 715; see, Brumbaugh v CEJJ, Inc., 152 AD2d 69; Joseph v Yenkin Majestic Paint Corp., 173 Misc 2d 95; Blackburn v Johnson Chem. Co., 128 Misc 2d 623). Since the defendants J.C. Truck and Truck King were in the direct distributive chain of those who actively placed the subject vehicle into the stream

of commerce, they are potentially subject to strict products liability.

As the defendants J.C. Truck and Truck King did not establish their entitlement to judgment as a matter of law on any of the plaintiffs' causes of action, or on the cross claims asserted against them, the Supreme Court erred in granting their motions for summary judgment.

The parties' remaining contentions are without merit. Mangano, P. J., Bracken, Miller and Krausman, JJ., concur.