■ THERESA L. JOSEPH et al., Appellants, v YENKIN MAJESTIC PAINT CORP., Individually and Doing Business as OHIO POLYCHEMICAL COMPANY, Appellant, PACOA, Respondent, et al., Defendants. [690 NYS2d 611] —In an action to recover damages for personal injuries, etc., (1) the plaintiffs and the defendant Yenkin Majestic Paint Corp. appeal from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated June 25, 1997, as granted that branch of the motion of the defendant PACOA which was for summary judgment dismissing the complaint insofar as asserted against it, and (2) the defendant Yenkin Majestic Paint Corp. appeals from so much of an order of the same court, dated October 20, 1997, as, in effect, granted that branch of the motion of the defendant PACOA which was for summary judgment dismissing all cross claims insofar as asserted against it.

Ordered that the appeal by the defendant Yenkin Majestic Paint Corp. from the order dated June 25, 1997, is dismissed, as that defendant is not aggrieved by that order (*see,* CPLR 5511); and it is further,

Ordered that the order dated June 25, 1997, is affirmed insofar as appealed from by the plaintiffs; and it is further,

Ordered that the order dated October 20, 1997, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

It is well settled that " '[d]istributors of defective products, as well as retailers and manufacturers are subject to potential strict products liability' " (*Harrigan v Super Prods. Corp.,* 237 AD2d 882; *see also, Giuffrida v Panasonic Indus. Co.,* 200 AD2d 713; *Brumbaugh v CEJJ, Inc.,* 152 AD2d 69). However, liability may not be imposed for breach of warranty or strict products liability upon a party that is outside the manufacturing, selling, or distribution chain (*see, Passaretti v Aurora Pump Co.,* 201 AD2d 475; *Kane v Cohen Distribs.,* 172 AD2d 720; *Watford v Jack LaLanne Long Is.,* 151 AD2d 742; *Smith v City of New York,* 133 AD2d 818).

The appellants have failed to come forward with any proof in evidentiary form to show the existence of a genuine triable issue of fact which would defeat PACOA's motion for summary judgment. PACOA has demonstrated that it had no role in the manufacture, sale, or distribution of the sealer which allegedly caused the injuries sustained by the plaintiff Theresa L. Joseph.

The appellants' remaining contentions are without merit. Bracken, J. P., Thompson, Joy and Luciano, JJ., concur. [*See,* 173 Misc 2d 95.]