■ MICHAEL SPALLHOLTZ et al., Appellants, v HAMPTON C.F. CORP. et al., Defendants, and NATIONAL ENVIROTECH GROUP, LLC, Respondent. [741 NYS2d 917] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Mahon, J.), dated February 22, 2001, which granted the motion of the defendant National Envirotech Group, LLC, inter alia, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

It is well settled that "liability may not be imposed for breach of warranty or strict products liability upon a party that is outside the manufacturing, selling, or distribution chain" (*Joseph v Yenkin Majestic Paint Corp.,* 261 AD2d 512; *see Passaretti v Aurora Pump Co.,* 201 AD2d 475). It is undisputed that National Envirotech Group, LLC, did not manufacture or sell the subject machine. Further, its isolated act of arranging for a temporary exchange between two companies of the subject machine for another machine and for the shipment of the machine does not make it a distributor or seller for the purposes of imposing liability under theories of strict products liability or breach of warranty (*see Sukljian v Ross & Son Co.,* 69 NY2d 89, 95-96).

With respect to the cause of action to recover damages for negligence, it is well settled that "before a defendant may be held liable for negligence, it must be shown that the defendant owes a duty to the plaintiff" (*Pulka v Edelman,* 40 NY2d 781, 782). National Envirotech Group, LLC, owed no duty to the injured plaintiff with respect to the subject machine. Smith, J.P., O'Brien, McGinity and Townes, JJ., concur.