■ MARIA MICHAEL, Respondent, v GENERAL TIRE, INC., et al., Appellants, et al., Defendants. [747 NYS2d 40]

On September 8, 1990, the plaintiff was a passenger in her new 1990 Nissan Pathfinder when the vehicle suffered a tire blowout and collided with a truck. The plaintiff commenced this action sounding in strict products liability and breach of implied warranty against, inter alia, General Tire, Inc. (hereinafter General Tire), the manufacturer of the tire, and Nissan Motor Corporation in U.S.A. (hereinafter Nissan), the distributer of the vehicle. After a trial, the jury found that the tire was defective, that the defect was a substantial factor in causing the accident, and that the defect existed before the tire's delivery to Nissan. The Supreme Court entered an interlocutory judgment in favor of the plaintiff and against, inter alia, General Tire and Nissan.

Contrary to Nissan's contention, the Supreme Court's interlocutory judgment conformed to the jury's verdict and had a sound basis in the law. Given that the jury found that the tire was defective before it was delivered to Nissan, it follows that Nissan distributed and sold a vehicle which had a defective tire. Accordingly, Nissan is liable under a theory of strict products liability for introducing a defective product into the stream of commerce (*see Gebo v Black Clawson Co.,* 92 NY2d 387, 392; *Bielicki v T.J. Bentey, Inc.,* 248 AD2d 657, 659; *Harrigan v Super Prods. Corp.,* 237 AD2d 882, 883; *Goldstein v Brogan Cadillac Oldsmobile Corp.,* 90 AD2d 512, 514).

Contrary to General Tire's contention, the evidence presented at trial was sufficient for the jury to find that the tire was

defective at the time that it left General Tire's hands and that the defect was a substantial factor in causing the accident (*see Winckel v Atlantic Rentals & Sales,* 159 AD2d 124, 126). General Tire's arguments that the jury charge was confusing and misstated principles of law are either unpreserved for appellate review (*see* CPLR 4110-b, 4017, 5501; *Surjnarine v Brathwaite,* 290 AD2d 436) or without merit. General Tire's remaining contentions are without merit. Santucci, J.P., S. Miller, Goldstein and Townes, JJ., concur.