In re METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION.

Master File No. 1:00–1898.
MDL 1358(SAS).

United States District Court,
S.D. New York.

May 10, 2005.

Christopher Garvey, Goodwin Procter LLP, New York, NY, for Defendant Gulf Oil Limited Partnership.

Robert Gordon, Stanley Alpert, C. Sanders McNew, Weitz & Luxenberg, P.C., New York, NY, for County of Suffolk, Suffolk County Water Authority, and Liaison Counsel for Plaintiffs.

Peter John Sacripanti, James A. Pardo, Stephen J. Riccardulli, McDermott, Will & Emery LLP, New York, NY, for Defendants.

## *OPINION AND ORDER*

SCHEINDLIN, District Judge.

## I. INTRODUCTION

County of Suffolk and Suffolk County Water Authority (collectively, "Suffolk") bring this action to forestall the contamination of their groundwater with the gasoline additive methyl tertiary butyl ether ("MTBE"). Defendant Gulf Oil Limited Partnership ("GOLP") now moves for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

According to defendant, "GOLP is a regional distributor of gasoline that did not refine petroleum products, manufacture MTBE, or belong to the industry associations identified in the complaint."[1] GOLP asserts that it cannot formulate a responsive pleading because the complaint fails to identify which of the factual allegations and claims apply to GOLP, and because the allegations of wrongdoing "do not apply to, or make any sense as against, GOLP," since they are directed at refiners and manufacturers of MTBE.[2]

Suffolk responds that GOLP has sufficient notice of the claims against it, as demonstrated by the fact that GOLP moved to dismiss other, nearly identical complaints in this multi-district litigation ("MDL"). Suffolk also argues that the complaint properly states claims against GOLP as a blender of MTBE into New York gasoline, and as a distributor of MTBE-containing gasoline, which is a defective product.[3]

## II. LEGAL STANDARD

■■■ "The essence of a complaint is to inform the defendant as to the general nature of the action and as to the incident out of which a cause of action arose."[4] Rule 12(e) allows a party to move for a more definite statement "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."[5] The Rule "is designed to remedy unintelligible pleadings, not to correct for lack of detail."[6] "A motion pursuant to Rule 12(e) should not be granted 'unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer

---

1. Gulf Oil Limited Partnership's Motion for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e) ("GOLP Motion").

2. *Id. See also* Memorandum of Law in Support of Gulf Oil Limited Partnership's Motion for a More Definite Statement ("GOLP Mem.") at 4–6; Reply Memorandum of Law in Further Support of Defendant Gulf Oil Limited Partnership's Motion for a More Definite Statement ("GOLP Rep. Mem.") at 2–5.

3. *See* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for a More Definite Statement Pursuant to Fed.R.Civ.P. 12(e)("Pl.Mem.") at 1–3.

4. *Bower v. Weisman,* 639 F.Supp. 532, 538 (S.D.N.Y.1986).

5. Fed.R.Civ.P. 12(e).

6. *Dunlop–McCullen v. Local 1–S RWDSU–AFL–CIO,* No. 94 Civ. 1254, 1994 WL 478495, at *1 (S.D.N.Y. Sept. 1, 1994). *Accord Nugent v. Searle Pharms., Inc.,* No. Civ–86–675E, 1987 WL 15328, at *2 (W.D.N.Y. Aug.5, 1987) (noting that discovery, rather than Rule 12(e), was designed to remedy lack of detail).

it.' " [7] Motions for a more definite statement are generally disfavored because of their dilatory effect.[8] "The preferred course is to encourage the use of discovery procedures to apprise the parties of the factual basis of the claims made in the pleadings." [9]

## III.  DISCUSSION

█ In its complaint, Suffolk uses the term "Defendants" to refer to all defendants named in the complaint.[10] GOLP argues, based on *Caraveo v. Nielsen Media Research, Inc.,*[11] that a plaintiff must clearly identify which of its allegations and claims apply to each defendant in a multi-defendant suit. In *Caraveo,* a pro se plaintiff brought an employment discrimination action, asserting thirty claims against twenty-five defendants. The court granted the employer and the insurance carrier's motions for a more definite statement because the complaint was unclear as to which claims and fact allegations were being asserted against which defendants.

GOLP's reliance on *Caraveo* is misplaced because in an employment discrimination case, differing conduct on the part of each defendant may give rise to different causes of action. For instance, the Equal Employment Opportunity Commission's ("EEOC") failure to investigate a complaint would not give rise to a retaliation or a breach of insurance contract claim. In this case, although defendants may have played different roles in the petroleum industry, Suffolk alleges that all defendants placed gasoline containing MTBE into the stream of commerce, thereby causing Suffolk's injury. Moreover, in *Caraveo,* the complaint was ambiguous because the plaintiff did not necessarily mean *all* defendants when he used the term "defendants." For example, in "Count 1" alleging that the twenty-five defendants "discriminated and retaliated against plaintiff based on his disability," the facts set forth in the cause of action were only applicable to Caraveo's employer, and not to the insurance carrier or the EEOC. In other instances, when Caraveo referred to "defendants," it was unclear whether he meant the employer or the insurer.[12] Here, Suffolk specifically defined the term "Defendants" to mean all defendants, giving GOLP sufficient notice that every time the term is used, it applies to GOLP.[13] When plaintiffs intended to refer to individual defendants, they did so by using modifiers—*e.g.,* "Defendant Chevron" [14] and "Defendant Arco." [15] While Suffolk did identify which claims and allegations apply to which defendants, a failure to do so would not require a more definite statement if GOLP was clearly notified of the nature of Suffolk's claims.[16]

---

**7.** *Caraveo v. Nielsen Media Research, Inc.,* No. 01 Civ. 9609, 2002 WL 530993, at *2 (S.D.N.Y. Apr.8, 2002) (quoting *Boothe v. TRW Credit Data,* 523 F.Supp. 631, 635 (S.D.N.Y.1981)). *Accord Bower,* 639 F.Supp. at 538.

**8.** *See Markovic v. New York City Sch. Constr. Auth.,* No. 99 Civ. 10339, 2000 WL 1290604, at *3 (S.D.N.Y. Sept.13, 2000); *Federal Home Loan Mortgage Corp. v. Portnoy,* No. 92 Civ. 0474, 1992 WL 320813, at *4 (S.D.N.Y. Oct. 27, 1992).

**9.** *Tagare v. NYNEX Network Sys. Co.,* 921 F.Supp. 1146, 1153 (S.D.N.Y.1996) (citing *Boothe,* 523 F.Supp. at 635).

**10.** *See* Suffolk Third Amended Complaint ("Compl.") ¶ 10 ("When the term 'Defendants' is used alone, it refers to all Defendants named herein jointly and severally.").

**11.** 2002 WL 530993.

**12.** *See id.* at *3 ("For instance, in paragraph 100, Plaintiff asserts 'at no time did *defendants* have a physical evaluation done of plaintiff while he was employed that disputed the existence or serious-

ness of plaintiff's medical condition or of his need of accommodation.'") (emphasis in original).

**13.** *See Tagare,* 921 F.Supp. at 1153 (denying motion for more definite statement because no ambiguity in the complaint; when plaintiff "employ[ed] the term 'defendants' he [was] referring to all of the defendants named in the Complaint"); *Dunlop–McCullen,* 1994 WL 478495, at *2 ("failure to distinguish between the defendants in the pleadings does not justify a more definite statement" where "plaintiff has alleged that the International Defendants *and* the Local Defendants acted together in denying him a fair hearing prior to taking disciplinary action against him and that these actions violated the enumerated statutes") (emphasis in original).

**14.** Compl. ¶ 134.

**15.** *Id.* ¶ 139.

**16.** *See Tagare,* 921 F.Supp. at 1153 ("The fact that plaintiff attributes acts to 'defendants' as a group does not render the Complaint so vague

GOLP next argues that it cannot formulate a responsive pleading because the complaint is focused on the conduct of refiners and manufacturers, whereas GOLP is a distributor of petroleum products. GOLP's argument is without merit. *First*, although GOLP attempts to cast itself as a mere gasoline distributor improperly joined in this litigation, it has previously represented in affidavit testimony that it blended MTBE into gasoline. For instance, in October 1994, GOLP "purchased approximately 7500 barrels of MTBE for addition to its gasoline inventory at its distribution facilities in Oceanside, New York [ ] and New Haven, Connecticut [ ]." [17] While this may not have been a regular part of its business, GOLP's blending of MTBE into gasoline would bring it within Suffolk's claims and allegations against "manufacturers, refiners, [and] formulators" of gasoline containing MTBE. In sum, the complaint provides sufficient notice to GOLP to permit it to frame an answer.

*Second*, the claims and allegations in Suffolk's complaint are not limited to refiners and manufacturers of MTBE-containing gasoline. Suffolk alleges that "Defendants do business in New York as manufacturers, refiners, formulators, *distributors, suppliers, sellers* and/or marketers of MTBE and/or gasoline containing MTBE," [18] and that "Defendants engaged in one or more phases of the petroleum business [including] ... the *distribution*, marketing and retail sale of gasoline." [19] Furthermore, each of Suffolk's causes of action incorporates or refers to defendants' actions in distributing MTBE-containing gasoline.[20] Products liability claims are equally applicable to manufacturers and distributors.[21]

*Third*, Suffolk's complaint is sufficiently clear for GOLP to file an answer. The gist of GOLP's argument is not that the complaint is unintelligible, but that the claims and allegations do not apply to it. Defendant's argument that the complaint makes "no sense *as applied to GOLP*" because it "did not refine petroleum products, manufacture MTBE, or belong to industry associations identified in the complaint" [22] demonstrates that it has clear notice of the claims.[23]

and ambiguous as to be unintelligible."); *Dunlop–McCullen*, 1994 WL 478495, at *2 ("[T]here is nothing inherently objectionable, at least for purposes of evaluating a Rule 12(e) motion, about naming three defendants, two statutes and five events in one paragraph as long as defendants will be able to adequately respond.").

17. Affidavit of Alice J. Kuhne, Treasurer of Catamount Mgmt. Corp., the sole general partner of GOLP ("Kuhne Aff."), Ex. 1 to Pl. Mem., ¶ 6. Kuhne's affidavit lists at least two other instances in which GOLP blended MTBE into gasoline. In April 1997, it purchased approximately 1,000 barrels of MTBE to add to its gasoline inventory in New Haven, CT, and in October 1992, it added about 2,639 barrels of MTBE to gasoline in New Jersey. *See id.* ¶¶ 6–7.

18. Compl. ¶ 7 (emphasis added).

19. *Id.* ¶ 8 (emphasis added).

20. *See id.* ¶¶ 205–206, 217–218, 229–230, 236–237, 242–243, 246, 248, 250, 252.

21. The New York Court of Appeals has explained:
Where products are sold in the normal course of business, sellers, by reason of their continuing relationships with manufacturers, are most often in a position to exert pressure for the improved safety of products and can recover increased costs within their commercial dealings, or though contribution or indemnification in litigation; additionally, by marketing the products as a regular part of their business such sellers may be said to have assumed a special responsibility to the public, which has come to expect them to stand behind their goods.
*Sukljian v. Charles Ross & Son Co., Inc.*, 69 N.Y.2d 89, 95, 511 N.Y.S.2d 821, 503 N.E.2d 1358 (1986). *See also Michael v. General Tire, Inc.*, 747 N.Y.S.2d 40, 297 A.D.2d 629, 629 (2d Dep't 2002) (distributor of defective tire liable under theory of strict products liability even though tire was defective before it was delivered to distributor); *Nichols v. Agway, Inc.*, 280 A.D.2d 889, 720 N.Y.S.2d 691, 692 (4th Dep't 2001) (distributors subject to strict products liability); *Joseph v. Yenkin Majestic Paint Corp.*, 261 A.D.2d 512, 690 N.Y.S.2d 611, 612 (2d Dep't 1999) (same); *Harrigan v. Super Prods. Corp.*, 237 A.D.2d 882, 654 N.Y.S.2d 503, 504 (4th Dep't 1997) (same).

22. GOLP Motion (emphasis added).

23. *See Dunlop–McCullen*, 1994 WL 478495, at *2 (finding that defendants' submissions demonstrated that they "fully understood the nature of the claims against them, thereby rendering a more definite statement unnecessary"); *Boothe*, 523 F.Supp. at 635 (noting that defendants were able to frame a motion to dismiss which responds to the allegations set forth in the complaint).

The complaint centers around three issues: (1) defendants' knowledge of MTBE's threat to groundwater;[24] (2) defendants' concealment of the risk;[25] and (3) defendants' placement of MTBE-containing gasoline into the stream of commerce.[26] The allegations and claims must be interpreted to include the conduct of distributors, such as GOLP. If GOLP concludes that distributors are not included, it should file an answer denying the allegations for this reason—not move for a more definite statement.[27]

## IV. CONCLUSION

For the reasons set forth above, Gulf Oil Limited Partnership's motion for a more definite statement is denied. The Clerk of the Court is directed to close this motion.

SO ORDERED.

---

**24.** *See* Compl. ¶¶ 101–135.

**25.** *See id.* ¶¶ 136–168.

**26.** *See id.* ¶¶ 8, 86–88, 169–176.

**27.** *See Dunlop–McCullen*, 1994 WL 478495, at *3 (denying 12(e) motion because arguments made in brief indicated that defendants were capable

of pleading a response because "their very arguments could be made as a series of denials in a responsive pleading"); Wright & Miller, Federal Practice & Procedure § 1376 ("The pleading must ... be so vague or ambiguous that the opposing party cannot respond to it, even with a simple denial as permitted by Rule 8(b).").