█ GENERAL RIVETERS, INC., Respondent, v. MORSE CHAIN COMPANY, Appellant.— █ Memorandum: This case has been tried twice. Upon the appeal from the judgment in favor of the plaintiff entered after the first trial (6 A D 2d 986), we held that "there was ample proof of a breach of warranty by the defendant, with respect to the clutches sold by it to the plaintiff" but the judgment for the plaintiff was reversed and a new trial granted because of the inadequacy of the proof as to

the amount of the damages. The first item of damage awarded upon the second trial in the amount of $5,499.02 was adequately supported by the evidence. This award covered the amount paid by the plaintiff for clutches which were returned to the defendant. The jury also awarded the sum of $21,298.93 for the cost of replacing clutches found to be defective and the expenses incurred in connection therewith. Although the proof was not wholly satisfactory with respect to this item of damage, it was considerably stronger upon the second trial than it was upon the first and, if the case involved only these two items of damage, we would not be inclined to disturb the jury's verdict. However, the jury also awarded the sum of $200,000 for consequential damages or loss of future profits. This sum is grossly excessive, upon the present record. The plaintiff manufactured dry-cleaning machines for the Martin Company which, in turn, sold them to the trade. The plaintiff corporation and the Martin Company were controlled by a common stockholder. Shortly after the occurrence of the breach of warranty, the Martin Company's business was sold to the American Laundry Machinery Company. The award seems to have been based upon the theory that the Martin Company was forced to sell its business because of the defendant's breach of warranty. In our opinion, this theory was not supported by the proof. Various business reasons apparently led the Martin Company to sell its business. Principal among these was the inability of the plaintiff to obtain satisfactory clutches from a new source, without a considerable period of delay. The defendant cannot be held responsible for this situation. The defendant did not agree to supply the plaintiff's requirements for any period of time. The purchase of clutches by the plaintiff was made from time to time on the basis of individual orders. The defendant had the right to terminate its sale of clutches to the plaintiff at any time and, if the plaintiff found it difficult or impossible to find another source of satisfactory supply, the defendant could not be held liable for the resulting loss. The proper measure of damages was the amount by which the plaintiff's profits would have been reduced because of a reduction in the volume of Martin's sales, attributable to the breach of warranty by the defendant, if Martin had remained in business. The claim for damages was essentially one for loss of profits because of injury to Martin's reputation and standing in the industry as a result of the defendant's breach of warranty. The plaintiff's damages must be determined upon the basis of the loss of volume during the period of the rebuilding of the Martin good will impaired by the breach. Of course, if the Martin Company had remained in business and had been able to obtain orders for its machines in its original volume but the plaintiff had been unable to manufacture the machines to fill the orders because of its inability to obtain a supply of satisfactory clutches, the defendant would not have been responsible for that loss. The plaintiff probably suffered some loss of profits because of the defendant's breach of warranty but the exact amount of the loss, computed upon the correct theory, cannot be determined from the present record. At any rate, it is clear that the loss did not approach $200,000. (Appeal from judgment of Erie Trial Term for plaintiff in an action for damages for an alleged breach of warranty. The order denied a motion for a new trial.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.