■ ROBERT T. DONALDSON, INC., Respondent, v AGGREGATE SURFACING CORPORATION OF AMERICA, Appellant, and GILES VARNISH COMPANY, INC., Respondent.—In an action to recover damages for breach of express and implied warranties, defendant Aggregate Surfacing Corporation of America (ASC) appeals from a judgment of the Supreme Court, Nassau County, entered March 25, 1974, *inter alia,* (1) in favor of plaintiff against ASC and in favor of defendant Giles Varnish Company (Giles) against ASC on the latter's cross claim, upon jury verdicts, and (2) in favor of Giles upon the trial court's dismissal of the complaint against Giles at the close of the entire case. Appeal dismissed, without costs, insofar as it is from the portion of the judgment which is in favor of defendant Giles upon the trial court's dismissal of the complaint against said defendant at the close of the entire case. Judgment otherwise modified, on the law and the facts, by deleting therefrom the first, fourth and fifth decretal paragraphs thereof and substituting therefor a provision adjudging that defendant ASC is liable to plaintiff; and, as so modified, affirmed, without costs, and, as between plaintiff and ASC, action severed and new trial granted, solely as to the issue of damages. Defendant ASC was not aggrieved by the trial court's dismissal of plaintiff's complaint against the codefendant Giles. While we do not agree with the trial court's conclusion that privity is necessary in a breach of warranty action against a remote manufacturer who made no express representations and where the plaintiff did not sustain personal injury but only property damage (see *Codling v Paglia,* 32 NY2d 330, 342), the rule enunciated in *Stein v Whitehead* (40 AD2d 89, 91–92) is not applicable to a case such as this in which no claim for an apportionment of damages was made under the holding in *Dole v Dow Chem. Co.* (30 NY2d 143). ASC's cross claim against Giles sought only indemnity. No objection was taken to the trial court's instruction to the jury that, if it were to find for plaintiff against ASC and for ASC against Giles on the cross claim, the amount of the latter finding must be in the same amount as the former. No claim for an apportionment of damages was made by ASC either before trial, at the trial or on this appeal. We therefore need not reach the question whether, in a proper case, such an apportionment may be had in an action for breach of warranty (cf. *Noble v Desco Shoe Corp.,* 41 AD2d

908; *Walsh v Ford Motor Co.,* 70 Misc 2d 1031, 1033). ASC's cross claim against Giles sounded in both negligence and breach of warranty. We find that the evidence adduced at the trial supports the jury's finding in favor of Giles on the cross claim under the instructions given the jury, to which no exception was taken. A new trial as to damages is required. While plaintiff was entitled to recover for loss of profits due to damage to its reputation sustained by reason of the breach (see *General Riveters v Morse Chain Co.,* 15 AD2d 859), such damages must be reasonably certain in amount and must be traceable with reasonable certainty to the breach (cf. *Steitz v Gifford,* 280 NY 15, 20). In this case, the damages awarded beyond the cost of repair were based on little more than guesswork (see *Broadway Photoplay Co. v World Film Corp.,* 225 NY 104, 109; *Schneider v State of New York,* 38 AD2d 628). The trial court's instructions permitted the jury to find damages for loss of goodwill, injury to reputation and loss of profit, as well as "any other damage that the plaintiff has proven". Plaintiff's proof as to such damages lacked specificity. Its business apparently improved notwithstanding the breach. Its claim that it lost its share of the aggregate surfacing market as a result of the breach requires more detailed proof. We note that the jury was properly instructed that plaintiff was entitled, as part of its damages, to a reasonable profit on the repair work it was required to perform, through no fault of its own, as a result of the breach. If another contractor had been hired to perform the repair work it would have been entitled to a profit. ASC should not benefit by depriving plaintiff of a profit on work it was required to perform only because of ASC's breach of warranty (see *Dahlstrom Metallic Door Co. v Evatt Constr. Co.,* 256 Mass 404, 416–417). Gulotta, P. J., Martuscello, Latham, Cohalan and Shapiro, JJ., concur.