Dawn K. Brumbaugh, Individually and as Administratrix of the Estate of Charles W. Brumbaugh, Sr., Deceased, Respondent, v CEJJ, Inc., Defendant, and EL Industries, Inc., Doing Business as Elgin Leach Corporation, Appellant.

Third Department, November 9, 1989

APPEARANCES OF COUNSEL

*Carter, Conboy, Bardwell, Case, Blackmore & Napierski (Anne M. Hurley* of counsel), for appellant.

*Edward Rappaport (McClung, Peters & Simon [Lynda S. Doud]* of counsel), for respondent.

## OPINION OF THE COURT

YESAWICH, JR., J.

Plaintiff's decedent was fatally injured while at work when a dumpster swung loose from a trash compactor and pinned him against his truck. Decedent's employer purchased the trash compactor from defendant CEJJ, Inc. The compactor was manufactured by Leach Company, which is not a party to this action. Plaintiff commenced suit against CEJJ and defendant EL Industries, Inc., Leach's exclusive "marketing agent". The thrust of plaintiff's complaint is that the accident occurred because of an allegedly defective safety latch on the compactor and that defendants are liable in damages on several theories, including strict products liability; CEJJ crossclaimed against EL for indemnification and/or contribution.

EL, asserting that it was merely the manufacturer's sales agent and as such cannot be held liable absent clear evidence, which does not exist, that it intended to substitute or superadd its liability for, or to, that of Leach, its principal, moved for summary judgment. Supreme Court denied the motion and, in adhering to its decision on reargument, observed that "[t]he law that determines this case is one of products liability * * * not one of agency relationship". We agree.

The principal-agent relationship may insulate an agent from liability for its contract or agency actions, but not for its tortious conduct (3 NY Jur 2d, Agency, § 285, at 106). Products liability actions sound in tort *(Martin v Dierck Equip. Co.,* 43 NY2d 583, 590) and under tort law both the principal and agent may be found jointly and severally liable for the agent's torts *(see,* 3 NY Jur 2d, Agency, § 253, at 75-76). Thus, if EL's role in placing the allegedly defective compactor into the stream of commerce is such as to render it liable under New York's products liability law, plaintiff has a cognizable cause of action against it.

Since *Codling v Paglia* (32 NY2d 330) eliminated the privity requirement in strict products liability actions brought against manufacturers, the pool of potential defendants has been

judicially expanded to include distributors, retailers, processors of materials and makers of component parts, or essentially to any one responsible for placing the defective product in the marketplace (see, Kirby v Rouselle Corp., 108 Misc 2d 291, 295; see also, PJI 2:141 [1989 Supp]). In Mead v Warner Pruyn Div., Finch Pruyn Sales (57 AD2d 340), this court identified some policy considerations for expanding this pool, namely, when imposing liability would provide injured consumers with a greater opportunity to commence an action against the party responsible, fix liability on one who is in a position to exert pressure on the manufacturer to improve the safety of the product, or ensure that the burden of accidental injuries occasioned by products would be treated as a cost of production by placing liability upon those who market them (see, supra, at 341-342; see also, Sukljian v Ross & Son Co., 69 NY2d 89, 94-95). It is also not an insignificant concern that these potential litigants in the distributive chain have an opportunity through contribution or indemnification to recover from the manufacturer (Sukljian v Ross & Son Co., supra).

Liability is not to be imposed, however, upon a party whose role in placing the defective product in the stream of commerce is so peripheral to the manufacture and marketing of the product that it would not further these policy considerations (see, supra, at 95, citing Restatement [Second] of Torts § 402 A, comment f; see also, Blackburn v Johnson Chem. Co., 128 Misc 2d 623, 625-626). For example, no liability attaches where one performs a service rather than makes or sells a product (Van Iderstine v Lane Pipe Corp., 89 AD2d 459, 463, lv dismissed 58 NY2d 1113). Thus, repairmen are not to be held accountable in strict products liability when they repair an already marketed product (see, Ayala v V & O Press Co., 126 AD2d 229, 235), and a manufacturers' trade association, which reviews and certifies pools and related equipment, is not liable for accidents resulting from the products it certifies (see, Howard v Poseidon Pools, 133 Misc 2d 50, 54, revd on other grounds 134 AD2d 926, affd 72 NY2d 972). These authorities indicate that liability should be imposed only where the defendant actively ushers a product into the initial market.

On the facts at hand, we believe the policy considerations announced in Mead v Warner Pruyn Div., Finch Pruyn Sales (supra), coupled with the fact that EL has the option available to it of seeking contribution or indemnity from the manufacturer, warrants including EL as a strict products liability

defendant in this action. EL has an exclusive agreement to market Leach's products within the United States and Canada. Pursuant to that contract, EL selects distributors to sell and service those products and assists in performing repairs, maintenance and warranty service. The contract obliges Leach to notify EL of all inquiries which it receives concerning prospective purchases of its products and prohibits Leach from making any price quotations without first giving written notice to EL. Although EL does not take actual possession, title or control of the trash compactors, effectively it trafficks intimately in them and is the sole conduit by which they enter the marketplace. Its activities involve it so substantially, if not pervasively, in introducing these compactors into the stream of commerce that it is fair to say that it is a mandatory link in this distributive chain; hence, it may properly be held liable in strict products liability (see, Chandler v Northwest Eng'g Co., 111 Misc 2d 433, 441).

MAHONEY, P. J., KANE, MIKOLL and MERCURE, JJ., concur.

Order affirmed, without costs.