Israel Starobin et al., Appellants, v Niagara Machine & Tool Works Corporation, Defendant, and Instrument Systems Corporation et al., Respondents. (And a Third-Party Action.)

Third Department, December 5, 1991

APPEARANCES OF COUNSEL

*Julien & Schlesinger, P. C. (William D. Fireman, Stuart A. Schlesinger* and *David B. Turret* of counsel), for appellants.

*Garbarini & Scher, P. C. (Steven I. Brizel* of counsel), for Instrument Systems Corporation, respondent.

*Bower & Gardner (Jonathan Siegal* and *Steven J. Ahmuty, Jr.,* of counsel), for CC Leasing Corporation, respondent.

## OPINION OF THE COURT

MERCURE, J.

Plaintiffs commenced this action to recover for injuries sustained in 1985 by plaintiff Israel Starobin in the course of his employment with third-party defendant, Lightron of Cornwall, Inc. (hereinafter Lightron), when a frame press accidentally cycled while Starobin was adjusting a die. It is undisputed that defendant Instrument Systems Corporation (hereinafter ISC), then the parent corporation of Lightron, purchased the frame press and placed it in service in 1969. In 1970, as part of a $4 million financing plan, ISC conveyed title to the press, together with other new and used equipment, to defendant CC Leasing Corporation and at the same time leased it back. At the end of the 10-year lease period, ISC paid a 2% termination fee and reacquired title to the press. In 1980, ISC divested itself of any interest in Lightron and, as a consequence, the press, which continued in operation at the Lightron facility. In 1982, Lightron replaced the components controlling the cycling of the machine by installing a Rockford tripping device, a safety package which included a key-operated electronic control box whereby the machine was placed in setup mode or palm control mode or set for single-stroke or continuous foot pedal operation. Plaintiffs appeal Supreme Court's order granting summary judgment dismissing the complaint against ISC and CC Leasing.

■ We affirm. Initially, we agree with Supreme Court that

strict products liability should not be imposed upon CC Leasing, a finance lessor which merely offered the use of money and neither marketed the machine nor placed it in the stream of commerce *(see, Wright v Newman,* 735 F2d 1073, 1078; *Bickram v Case I.H.,* 712 F Supp 18, 22 [ED NY] [applying New York law]; *Abco Metals Corp. v J.W. Imports Co.,* 560 F Supp 125, 130-133, *affd sub nom. Abco Metals Corp. v Equico Lessors,* 721 F2d 583; *Rivera v Mahogony Corp.,* 145 Ill App 3d 213, 494 NE2d 660; *Nath v National Equip. Leasing Corp.,* 497 Pa 126, 439 A2d 633; *Brescia v Great Rd. Realty Trust,* 117 NH 154, 373 A2d 1310, 1311-1312; *see also,* Annotation, *Products Liability: Application of Strict Liability in Tort Doctrine to Agency Merely Financing Sale or Lease-Purchase of Personal Property,* 28 ALR4th 326). Contrary to plaintiffs' assertion, the Second Department did not hold otherwise in *Winckel v Atlantic Rentals & Sales* (159 AD2d 124). There, the court's imposition of liability against the lessor of an allegedly defective chair was specifically premised upon a finding that the lessor was in the business of renting equipment and in fact introduced the product into the marketplace *(see, supra,* at 125). Here, in view of the fact that ISC already owned the frame press at the time it entered into the lease, we conclude that CC Leasing acted as a financier only and had no role in placing the machine in the stream of commerce *(cf., Brumbaugh v CEJJ, Inc.,* 152 AD2d 69, 71). We also agree with Supreme Court's dismissal of the negligence cause of action against CC Leasing. Clearly, CC Leasing's reservation of a right to inspect the leased equipment at any reasonable time did not create an affirmative duty of care *(see, Lynch v Lom-Sur Co.,* 161 AD2d 885).

Finally, it is our view that Supreme Court properly dismissed the negligence cause of action against ISC.* Plaintiffs do not dispute the contention that their expert found but one cause for the accident, a defective solenoid valve installed by Lightron as part of the 1982 modification. It is fundamental that a defendant cannot be held liable for a subsequent modification which substantially alters a product and is the proximate cause of a plaintiff's injury *(see, Robinson v Reed-Prentice Div.,* 49 NY2d 471). Under the circumstances, the unsupported allegation in plaintiffs' bill of particulars that ISC was negligent in "failing to provide and/or install hand-

---

* On appeal, plaintiffs do not contest the dismissal of their strict products liability cause of action against ISC.

guards" did not impose a burden on ISC to come forward with affirmative evidence that it was not negligent in that regard *(see, Conti v Albany Med. Center Hosp.,* 159 AD2d 772, 774, *lv denied* 76 NY2d 702).

MAHONEY, P. J., WEISS, YESAWICH JR. and LEVINE, JJ., concur.

Ordered that the order is affirmed, with costs.