■ DOMINICK GIUFFRIDA, Plaintiff, v PANASONIC INDUSTRIAL COMPANY, Defendant and Third-Party Plaintiff-Appellant. WILLIAM'S CYCLERY, INC., Third-Party Defendant and Fourth-Party Plaintiff-Respondent, and MICHAEL SHAW, Fourth-Party Defendant. [607 NYS2d 72] —In an action to recover damages for personal injuries based on negligence, products liability, and breach of warranty, the defendant third-party plaintiff Panasonic Industrial Company, a division of Matsushita Electric Corporation of America appeals from an order of the Supreme Court, Nassau County (O'Brien, J.), dated November 20, 1991, which (1) granted the motion of the third-party defendant and fourth-party plaintiff William's Cyclery, Inc., for summary judgment dismissing the third-party complaint and all cross claims against it, and (2) granted the cross motion of the fourth-party defendant Michael Shaw for summary judgment dismissing the fourth-party complaint and all cross claims against it.

Ordered that the appeal from so much of the order as dismissed the fourth-party complaint is dismissed; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, the motion of the third-party defendant and fourth-party plaintiff William's Cyclery, Inc., for summary judgment is denied, and the third-party complaint is reinstated; and it is further,

Ordered that the appellant is awarded one bill of costs, payable by the third-party defendant fourth-party plaintiff-respondent William's Cyclery, Inc.

The appeal taken by the defendant third-party plaintiff Panasonic Industrial Company, a division of Matsushita Elec-

tric Corporation of America (hereinafter MECA) from so much of the order as dismissed the fourth-party complaint of William's Cyclery, Inc. (hereinafter the Cyclery) against the fourth-party defendant Michael Shaw must be dismissed as MECA has not pleaded its own claim against Shaw and is not aggrieved by the dismissal of the claim pleaded by the Cyclery (see, CPLR 5511; see also, Board of Mgrs. v Schorr Bros. Dev. Corp., 182 AD2d 664; Lackner v Roth, 166 AD2d 686; Nunez v Travelers Ins. Co., 139 AD2d 712; Fiore v MCT Constr. Corp., 112 AD2d 265; Robert T. Donaldson, Inc. v Aggregate Surfacing Corp., 47 AD2d 852). The one party aggrieved by this aspect of the order, i.e., the Cyclery, has not appealed and is thus not entitled to relief from this Court (see, Hecht v City of New York, 60 NY2d 57). The Supreme Court is, of course, free to entertain a motion for leave to reargue, for leave to amend or to serve supplemental pleadings, or for any other relief which would be appropriate in light of our decision herein.

The plaintiff was injured while operating a "Panasonic Mountain Cat 5500 bicycle". This bicycle had been manufactured by the National Bicycle Company, which is not a party to the present action.

The evidence tends to show that such bicycles were typically shipped by the manufacturer in an unassembled condition to the defendant third-party plaintiff MECA and then warehoused in New Jersey. The bicycles would then be reshipped to various retail outlets, including one maintained by the third-party defendant and fourth-party plaintiff, the Cyclery.

On August 26, 1989, one such bicycle was sold by the Cyclery to the fourth-party defendant Michael Shaw either for the sum of $321 or for the sum of $370. Mr. Shaw removed the bicycle from its carton and assembled it. He then delivered the bicycle to the plaintiff, who was injured while riding it 30 or 45 minutes later.

The Supreme Court granted summary judgment in favor of the Cyclery on the basis of its finding that Shaw "operated de facto as the retailer". The court also found that the Cyclery "did not assemble [the bicycle], instruct plaintiff on its use and had no contact with plaintiff in any respect". For these reasons, the Supreme Court dismissed the third-party complaint against the Cyclery, as well as the Cyclery's own fourth-party complaint against Shaw. We reverse so much of this order as aggrieves the appellant MECA.

The absence of proof that the Cyclery assembled the bicycle or instructed the plaintiff in its use furnishes no basis for the

granting of summary judgment; if it did, then summary judgment would be warranted in favor of MECA as well. Similarly, the fact that the plaintiff had no dealings with the Cyclery (just as he had no dealings with MECA) is irrelevant. "In *[Codling v Paglia,* 32 NY2d 330] the Court of Appeals put to rest forever the need for privity and proof of specific acts of negligence in an action alleging injury caused by a defective product" *(Baker v St. Agnes Hosp.,* 70 AD2d 400, 404; *see also, Winckel v Atlantic Rentals & Sales,* 159 AD2d 124; *Key Intl. Mfg. v Morse/Diesel, Inc.,* 142 AD2d 448). Distributors of defective products, as well as retailers and manufacturers, are subject to potential strict products liability *(e.g., Denkensohn v Davenport,* 144 AD2d 58, *affd* 75 NY2d 25; *Johnson v Johnson Chem. Co.,* 183 AD2d 64; *Billsborrow v Dow Chem.,* 177 AD2d 7). If the Cyclery was not a retailer, then it was clearly a distributor of the allegedly defective bicycle so as to fall within the scope of this rule. Bracken, J. P., Balletta, Copertino and Santucci, JJ., concur.