■ BONNIE CAFFERTY, Plaintiff, v J & L ADIKES, INC., et al., Respondents, and SPEER PRODUCTS, INC., Appellant. (And Two Third-Party Actions.) [625 NYS2d 914] —In an action to recover damages for personal injuries, Speer Products, Inc., appeals from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated January 7, 1993, as denied its motion for summary judgment dismissing the cross claims against it.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the appellant's contention, the Supreme Court properly denied its motion for summary judgment. There is a triable issue of fact concerning the appellant's liability for placing the allegedly defective product in the marketplace *(see generally, Brumbaugh v CEJJ, Inc.,* 152 AD2d 69). Mangano, P. J., O'Brien, Ritter, Pizzuto and Florio, JJ., concur.

■ MANUEL CHIMBO, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 86878.) [625 NYS2d 915] —In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Corbett, J.), dated September 23, 1993, which granted the defendant's motion to dismiss his claim.

Ordered that the order is affirmed, with costs.

The Court of Claims correctly determined that the notice of intention to file a claim was defective because it failed to state the nature of the claim alleged, as required by Court of Claims Act § 11 (b). Since the notice of intention to file a claim was defective, the claimant could not properly avail himself of the two-year period in which to file a claim as provided by Court of Claims Act § 10 (3) *(see, DeFilippis v State of New York,* 157 AD2d 826; *cf., Conley v State of New York,* 123 AD2d 598). Rosenblatt, J. P., Miller, Thompson and Santucci, JJ., concur.