■ CARMEN TORRES, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 91668.) [650 NYS2d 566] —In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Silverman, J.), entered September 27, 1995, which granted the defendant's motion to dismiss the claim pursuant to Court of Claims Act § 10 (3) and § 11 (b), and denied her cross motion for permission for leave to file a late claim pursuant to Court of Claims Act § 10 (6).

Ordered that the order is affirmed, with costs.

The Court of Claims correctly determined that the notice of intention to file a claim was defective because it failed to sufficiently state where the claim arose, as required by Court of Claims Act § 11 (b). Since the notice of intention to file a claim was defective, the claimant could not properly avail herself of the two-year period in which to file a claim as provided by Court of Claims Act § 10 (3) (see, Riefler v State of New York, 228 AD2d 1000; Grande v State of New York, 160 Misc 2d 383, 386; see also, Chimbo v State of New York, 214 AD2d 531; Harrison v State of New York, 199 AD2d 811). Accordingly, the claim was properly dismissed.

Furthermore, the Court of Claims providently exercised its discretion in denying the claimant's cross motion for leave to file a late claim (see, Court of Claims Act, § 10 [6]; Matter of Bonaventure v New York State Thruway Auth., 67 NY2d 811, 812). Copertino, J. P., Santucci, Joy and Goldstein, JJ., concur.