**Lisa FEINBERG–DUCKETT and Stephen Duckett; Efonce, Inc., Plaintiffs,**

v.

**FORD MOTOR COMPANY and Rams Investment Corporation, Defendants.**

No. 95–CV–704A.

United States District Court, W.D. New York.

Feb. 3, 1998.

Earl K. Cantwell, Daniel J. Sperrazza, Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria, Buffalo, NY, for Plaintiffs.

Elizabeth M. Bergen, Gibson, McAskill & Crosby, Buffalo, NY, for Ford Motor Co.

Elizabeth M. Bergen, Gibson, McAskill & Crosby, Buffalo, NY, William Reynolds, O'Shea, Reynolds & Cummings, Buffalo, NY, for Rams Inv. Corp.

## ORDER

ARCARA, District Judge.

The above-referenced case was referred to Magistrate Judge Carol E. Heckman pursuant to 28 U.S.C. § 636(b)(1)(B). On January 6, 1998, Magistrate Judge Heckman filed a Report and Recommendation, recommending that defendant RAMS' motion for summary judgment be granted to the extent that it seeks dismissal of plaintiffs' Fifth Claim against defendant RAMS only, and that the motion be denied in all other respects.

The Court having carefully reviewed the Report and Recommendation, the record in this case, as well as the pleadings and materials submitted by the parties; and no objections having been timely filed, it is hereby

ORDERED, that pursuant to 28 U.S.C. § 636(b)(1), and for the reasons set forth in Magistrate Judge Heckman's Report and Recommendation, defendant RAMS' motion for summary judgment is granted to the extent that it seeks dismissal of plaintiffs' Fifth Claim against defendant RAMS only, and the motion is denied in all other respects.

IT IS SO ORDERED.

## REPORT AND RECOMMENDATION

HECKMAN, United States Magistrate Judge.

This matter was referred to the undersigned by Hon. Richard J. Arcara, to hear and report, in accordance with 28 U.S.C. § 636(b). Defendant RAMS Investment Corporation ("RAMS") has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the

following reasons, it is recommended that the motion be granted in part and denied in part.

## BACKGROUND

The complaint in this action was filed on August 18, 1995. Plaintiff Lisa Feinberg–Duckett alleges that on June 24, 1993, while using a 1990 Ford Aerostar van owned by plaintiff EFONCE, Inc., she sustained serious personal injuries when the van struck her after its transmission malfunctioned and spontaneously shifted from "park" to "reverse." The complaint sets forth the following claims:

1. That defendant Ford Motor Company ("Ford") negligently designed and manufactured the van, and failed to provide adequate warnings about the defective transmission;

2. That Ford is liable to plaintiffs under the doctrine of strict products liability;

3. That defendant RAMS (through its agent Kleiser Ford Lincoln Mercury in Wellsville, New York) negligently placed the defective van on the market;

4. That RAMS is liable to plaintiffs under the doctrine of strict products liability;

5. That Ford and RAMS failed to make recall repairs sufficient to correct the defect, and that RAMS falsely represented that the repairs were made;

6. That plaintiff Stephen Duckett has been deprived of the companionship of his spouse, Lisa Feinberg–Duckett; and,

7. That plaintiff EFONCE (doing business as a bar, restaurant and catering service known as "Better Days," of which Ms. Feinberg–Duckett is the principal operator) suffered diminution of its business and loss of use of the van.

(*See* Item 1).

Substantial discovery has taken place in the case, including expert witness disclosure (Item 21, Exs. C and D). On September 4, 1997, RAMS filed a motion for summary judgment on the ground that the report of plaintiffs' expert, Neil J. Mizen from Mizen Engineering Company, contains no conclu-

sions as to any wrongdoing by RAMS, and that the report of Ford's expert, Frederick W. King, shows that the recall work was performed properly on plaintiffs' vehicle. In support of its motion, RAMS has submitted only a two-page attorneys' affidavit, with plaintiff's expert report and Ford's "Expert Witness Disclosure" attached as exhibits. RAMS has not submitted a memorandum of law or a statement of material facts, as required by Rules 7.1(e) and 56 of the Local Rules of Civil Procedure for the Western District of New York.

In response, plaintiffs have agreed to withdraw their fifth claim—*i.e.*, failure to properly perform the recall repairs—as against RAMS only. However, plaintiffs contend that genuine issues of material fact remain as to whether RAMS, as the dealer from whom plaintiffs bought the van, should be held liable under theories of negligence and/or strict liability for placing a defective product on the market.

## DISCUSSION

### I. Summary Judgment.

Summary judgment is appropriate only if the pleadings, discovery materials, and affidavits on file "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In reaching this determination, the court's sole task is to assess whether there are any material factual issues to be tried while resolving ambiguities and drawing reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Coach Leatherware Co., Inc. v. AnnTaylor, Inc.*, 933 F.2d 162, 166–67 (2d Cir.1991). The court does not weigh the evidence or resolve the dispute. *Turtur v. Rothschild Registry Intern.*, 26 F.3d 304, 309 (2d Cir.1994); *Gonzalez v. Rutherford Corp.*, 881 F.Supp. 829, 834 (E.D.N.Y.1995).

The movant bears the initial burden of demonstrating the absence of any genuine issue of fact. *Turtur v. Rothschild Registry Intern., supra.* This can be accomplished by establishing that the evidence in support of

the nonmoving party's case is absent or lacking to such an extent that no rational juror could find for that party based upon that evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Pinckney v. Zep Mfg. Co.*, 1997 WL 204903, at *1 (N.D.N.Y. April 15, 1997). Then, in order to avoid entry of summary judgment, the nonmoving party must point to specific evidence that, if credited, would support a jury verdict in its favor. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). If such evidence is adduced, the weight to accord it and the resolution of any factual differences between the parties must be left for the jury to determine. *Gonzalez v. Rutherford Corp., supra.*

## II. Products Liability.

In this case, plaintiffs allege in their third and fourth claims that, as the dealer who sold the defective van to Ms. Feinberg–Duckett, RAMS is liable under the doctrines of products liability based on negligence (Item 1, ¶¶ 24–27; *see* N.Y. Pattern Jury Instructions § 2:145, attached as Ex. J to Item 22) and strict products liability (Item 1, ¶¶ 29–30; *see* N.Y. Pattern Jury Instructions § 2:141, attached as Ex. I to Item 22). RAMS contends that the expert witness information produced by the parties during discovery shows that there is no genuine issue of material fact as to any wrongdoing on the part of RAMS.

■ As demonstrated by plaintiffs in their memorandum, in products liability actions brought under New York law, "the pool of potential defendants has been judicially expanded to include distributors, retailers, processors of materials and makers of component parts, or essentially to any one responsible for placing the defective product in the marketplace." *Brumbaugh v. CEJJ, Inc.*, 152 A.D.2d 69, 71, 547 N.Y.S.2d 699, 701 (3rd Dept.1989); *see also Giuffrida v. Panasonic Indus. Co.*, 200 A.D.2d 713, 715, 607 N.Y.S.2d 72 (2d Dept.1994) ("Distributors of defective products, as well as retailers and manufacturers, are subject to potential strict products liability"), *quoted in Pinckney v. Zep Mfg. Co., supra*, 1997 WL

204903, at *4; *Mead v. Warner Pruyn Div., Finch Pruyn Sales*, 57 A.D.2d 340, 394 N.Y.S.2d 483 (3rd Dept.1977). As stated by the New York Court of Appeals:

Where products are sold in the normal course of business, sellers, by reason of their continuing relationships with manufacturers, are most often in a position to exert pressure for the improved safety of products and can recover increased costs within their commercial dealings, or through contribution or indemnification in litigation; additionally, by marketing the products as a regular part of their business such sellers may be said to have assumed a special responsibility to the public, which has come to expect them to stand behind their goods.

*Sukljian v. Ross & Son Co.*, 69 N.Y.2d 89, 95, 511 N.Y.S.2d 821, 503 N.E.2d 1358 (1986); *see also Nutting v. Ford Motor Co.*, 180 A.D.2d 122, 133, 584 N.Y.S.2d 653, 659 (3rd Dept.1992); *Kirby v. Rouselle Corp.*, 108 Misc.2d 291, 294, 437 N.Y.S.2d 512, 514 (Sup. Ct. Monroe Co.1981); Restatement (Second) of Torts § 402A. comment c ("[T]he seller, by marketing his product for use and consumption, has undertaken and assumed a special responsibility toward any member of the consuming public who may be injured by it; that the public has the right to and does expect, in the case of products which it needs and for which it is forced to rely upon the seller, that reputable sellers will stand behind their goods; that public policy demands that the burden of accidental injuries caused by products intended for consumption be placed upon those who market them, and be treated as a cost of production against which liability insurance can be obtained; and that the consumer of such products is entitled to the maximum of protection at the hands of someone, and the proper persons to afford it are those who market the products").

■ As indicated by the report of plaintiff's expert (Mr. Mizen) and the summary of the anticipated testimony of defendant's expert (Mr. King), genuine issues of material fact exist as to whether the vehicle at issue was defectively designed and/or manufactured by Ford, and as to whether the defect was remedied by the recall repair. Indeed,

the litigation is taking shape as a classic "battle of the experts." Under the legal standards set forth in the cases cited and discussed above, liability for any injuries caused by the allegedly defective van may extend to RAMS, as the dealer who sold the van to plaintiffs. Accordingly, genuine issues of material fact exist precluding summary judgment in favor of RAMS.

### CONCLUSION

For the foregoing reasons, it is recommended that defendant RAMS' motion for summary judgment (**Item 21**) be granted to the extent that it seeks dismissal of plaintiffs' "Fifth Claim" against defendant RAMS only, and that the motion be denied in all other respects.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED,** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. *See, e.g., Paterson–Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.,* 840 F.2d 985 (1st Cir.1988).

*Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.* Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wesolek, et al. v. Canadair Ltd., et al.,* 838 F.2d 55 (2d Cir.1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." *Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.*

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**SO ORDERED.**

January 6, 1998.