OPINION OF THE COURT
Arthur M. Diamond, J.
*577 The motion by defendant Atico International U.S., Inc. for summary judgment pursuant to CPLR 3212 is denied.
Plaintiff brought this wrongful death action under the various theories of strict products liability, defective warning, and negligence for the alleged defective manufacturing and distribution of a heating pad purchased by the deceased at CVS Pharmacy that allegedly caused his death three years later. The deposition testimony by Gerald Katz, the senior vice-president of merchandising and marketing indicates that the defendant Atico International U.S. was not involved in the design testing, manufacturing, sale, shipping or distribution of the product. According to Mr. Katz, the defendant acted solely as a sourcing company providing CVS Pharmacy the name of another company, Atico Asia, who located a manufacturer in China for the manufacturing of heating pads as requested by CVS Pharmacy. The defendant and Atico Asia are separate entities. The product was manufactured in China and then sold by Atico Asia to CVS and the manufacturer then shipped directly the heating pads to CVS Pharmacy. (Order to show cause, exhibit D at 18, 25, 5.) It is clear from his testimony that the defendant did not design or produce the product, nor was it involved in the packaging or marketing of the product. (Order to show cause, exhibit D at 17.) Nor did Atico perform any testing or evaluation of design of the product. (Order to show cause, exhibit D at 40, 43.) However, the defendant did provide instructions for the product which it claims that plaintiffs decedent did not read, and added any additional safety information required in instruction for use manuals. (Order to show cause, exhibit D at 51.)
Strict products liability for defective products applies to “any one responsible for placing the defective product in the marketplace” including “distributors, retailers, processors of materials and makers of component parts.” (Brumbaugh v CEJJ, Inc., 152 AD2d 69, 71 [3d Dept 1989].)
“Liability is not to be imposed, however, upon a party whose role in placing the defective product in the stream of commerce is so peripheral to the manufacture and marketing of the product that it would not further these policy considerations.” (Id.) Therefore, it has been held that a trademark licensor of a manufactured product cannot be held liable under the theory of strict products liability because of the absence of significant involvement in the design, marketing, manufacture, sale, or distribution of the product. (Automobile Ins. Co. of Hartford Conn. v Murray, Inc., 571 F Supp 2d 408 [WD NY 2008].)
*578 One cannot claim that the defendant’s involvement in the distribution chain was so peripheral as to be excluded from strict products liability. Defendant did not just refer CVS Pharmacy to Atico Asia to obtain a manufacturer, but also admittedly provided the instructions for the use of the heating pad. While defendant was not a part of the manufacturing, it certainly was part of the distribution chain of placing this product in the stream of commerce by providing the instructions for the use of the product.
Accordingly, defendant has failed to provide a prima facie showing of entitlement to summary judgment as a matter of law on the fourth, fifth, sixth, and seventh causes of action by tendering sufficient evidence to demonstrate the absence of any material issues of fact. (Sheppard-Mobley v King, 10 AD3d 70, 74 [2d Dept 2004], affd as mod 4 NY3d 627 [2005], citing Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985].)
In regard to the third cause of action for negligence in failure to warn, and the eighth cause of action for strict liability for failure to warn, defendant’s claim that the plaintiffs decedent did not read the warnings or look for them is not a bar to recovery on that theory. (Johnson v Johnson Chem. Co., 183 AD2d 64 [2d Dept 1992].)
Plaintiffs cross motion for additional discovery is granted to the limited extent that it is limited to one deposition of either John Plant or Anne Duckworth who are employed by defendant in the office located at CVS Pharmacy, Inc.