# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**897**

**CA 13-02210**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

LUZ M. HOUSTON, AS ADMINISTRATRIX OF THE ESTATE
OF ROBERT M. HOUSTON, SR., DECEASED,
PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MCNEILUS TRUCK AND MANUFACTURING, INC., ET AL.,
DEFENDANTS,
H LEASING COMPANY, LLC AND CLARENCE CENTER COFFEE
COMPANY & CAFÉ CORP.,  DEFENDANTS-APPELLANTS.
(APPEAL NO. 1.)

---

MARCUS & CINELLI, LLP, WILLIAMSVILLE (DAVID P. MARCUS OF COUNSEL), FOR
DEFENDANT-APPELLANT H LEASING COMPANY, LLC.

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (RICHARD T. SARAF OF
COUNSEL), FOR DEFENDANT-APPELLANT CLARENCE CENTER COFFEE COMPANY &
CAFÉ CORP.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---

Appeals from an order of the Supreme Court, Erie County (James H. Dillon, J.), entered April 18, 2013.  The order, among other things, denied the motion of defendant Clarence Center Coffee Company & Café Corp. for summary judgment and denied in part the motion of defendant H Leasing Company, LLC for summary judgment.

It is hereby ORDERED that the order so appealed from is modified on the law by granting that part of the motion of defendant H Leasing Company, LLC for summary judgment dismissing the strict products liability cause of action and all related cross claims against it, and as modified the order is affirmed without costs.

Memorandum:  Plaintiff commenced this action against various defendants, seeking damages arising from the death of decedent during a garbage truck accident.  Insofar as relevant here, plaintiff sought damages from defendant Clarence Center Coffee Company & Café Corp. (Clarence Coffee), the lessee of the property where the accident occurred, for negligently permitting a dangerous condition to exist on the leased premises, and also sought damages for negligence against defendant H Leasing Company, LLC (H Leasing), which owned the truck and leased it to another defendant that was H Leasing's corporate sibling.  Also insofar as relevant here, Clarence Coffee and H Leasing

moved for summary judgment dismissing the complaint and all cross claims against them.  Plaintiff opposed the motions and cross-moved for leave to serve an amended complaint that would add a strict products liability cause of action against H Leasing.  H Leasing opposed the cross motion, and also contended that, if the court were to permit the amendment of the complaint, summary judgment should also be granted in its favor on the new cause of action.  Clarence Coffee and H Leasing appeal from an order in which Supreme Court, inter alia, denied Clarence Coffee's motion, granted plaintiff's cross motion and granted that part of H Leasing's motion with respect to the claim arising from Vehicle and Traffic Law § 388, reserved decision on that part of the motion with respect to the negligence claims against it, and denied the remainder of the motion.

Contrary to the contention of Clarence Coffee, the court properly denied its motion for summary judgment dismissing the complaint and cross claims against it.  The complaint alleged that Clarence Coffee negligently permitted a dangerous condition to exist on the property by failing to provide safe and unobstructed access to the dumpster that decedent was attempting to empty into the garbage truck, and that decedent's injuries were the foreseeable result of that negligence.  We reject Clarence Coffee's contentions that it established as a matter of law that there was no dangerous condition, that the accident was not the foreseeable result of any negligence on its part, and that decedent's negligence was the sole proximate cause of his injuries.  The issue "whether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally [one] of fact for the jury" (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [internal quotation marks omitted]; *see Bielicki v Excel Indus., Inc.*, 104 AD3d 1318, 1318), and "[q]uestions concerning what is foreseeable are generally left to a jury to determine" (*Baker v Sportservice Corp.*, 142 AD2d 991, 993).  Here, Clarence Coffee failed to meet its initial burden on the motion with respect to all of those issues, and thus the court properly denied its motion (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).

We agree with H Leasing, however, that the court erred in denying that part of its motion for summary judgment dismissing the strict products liability cause of action and all related cross claims against it.  We therefore modify the order accordingly.  Initially, we note that H Leasing has not presented any argument in support of its contention that the court erred in granting plaintiff's cross motion for leave to serve an amended complaint containing that cause of action, and we thus assume, arguendo, that the court properly granted the cross motion.  We also note that, contrary to the dissent's conclusion, the court denied that part of H Leasing's motion for summary judgment dismissing the strict products liability cause of action.  H Leasing initially moved for summary judgment dismissing the complaint against it, when the complaint contained a single cause of action, for negligence, against H Leasing.  In opposition to that motion, plaintiff alleged that recovery was also sought pursuant to Vehicle and Traffic Law § 388, and, in addition, plaintiff cross-moved for leave to amend the complaint to include a strict products

liability cause of action against H Leasing.  In reply, H Leasing opposed the cross motion and contended that section 388 did not apply, so it should be awarded summary judgment on such a claim.  In the alternative, H Leasing also asked the court to grant summary judgment in its favor on the strict products liability cause of action if the court permitted plaintiff to amend the complaint.  In the order on appeal, the court granted summary judgment in favor of H Leasing with respect to the Vehicle and Traffic Law § 388 claim, reserved decision with respect to the negligence cause of action, and denied H Leasing's motion in all other respects.  Consequently, the final denial could only have referred to that part of the motion for summary judgment dismissing the strict products liability cause of action because all of H Leasing's requests in the motion other than that had been resolved by the remaining clauses in the pertinent ordering paragraph.

We conclude that the court erred in denying that part of the motion.  "It appears universally accepted as New York law that strict products liability will not apply to finance lessors which merely offer the use of money to acquire goods but otherwise neither market a product nor place it in the stream of commerce" (*Gonzalez v Rutherford Corp.*, 881 F Supp 829, 846 [ED NY]; *see Bickram v Case I.H.*, 712 F Supp 18, 22 [ED NY]).  We reject plaintiff's contention that H Leasing is the owner and lessor of the truck, and it is therefore subject to strict products liability because it is in the business of leasing equipment.  The cases permitting strict products liability actions against lessors involve leasing entities that either actually take possession of the equipment at issue and lease it to the public (*see e.g. Wengenroth v Formula Equip. Leasing, Inc.*, 11 AD3d 677, 680; *see generally Winckel v Atlantic Rentals & Sales*, 159 AD2d 124, 128-129), or are financing arms of the manufacturer (*see e.g. Motelson v Ford Motor Co.*, 101 AD3d 957, 959, *affd* ___ NY3d ___ [Nov. 18, 2014]).  In those situations, the principles of strict products liability may properly be applied to such lenders in order to further the policy goals of such liability, i.e., ensuring that products are safe by permitting an action to go forward "when imposing liability would provide injured consumers with a greater opportunity to commence an action against the party responsible, fix liability on one who is in a position to exert pressure on the manufacturer to improve the safety of the product, or ensure that the burden of accidental injuries occasioned by products would be treated as a cost of production by placing liability upon those who market them" (*Brumbaugh v CEJJ, Inc.*, 152 AD2d 69, 71).  Such goals would not be served by allowing a strict products liability cause of action against H Leasing, however, because it did not take possession of the truck, it is not in the business of leasing equipment to the general public, and it is a financial arm of the purchaser of the truck, not the manufacturer (*cf. id.* at 70-71).  Consequently, we agree with H Leasing "that strict products liability should not be imposed upon [it], a finance lessor which merely offered the use of money and neither marketed the machine nor placed it in the stream of commerce" (*Starobin v Niagara Mach. & Tool Works Corp.*, 172 AD2d 64, 65-66, *lv denied* 80 NY2d 753).

Finally, we reject plaintiff's contention that H Leasing is judicially estopped from contending that it is not in the business of

leasing vehicles because it argued that it was in that business in support of its contention that Vehicle and Traffic Law § 388 did not apply due to the Graves Amendment (49 USC § 30106). "Judicial estoppel may be invoked to prevent a party from inequitably adopting a position directly contrary to or inconsistent with an earlier assumed position in the same proceeding . . . , where the party had prevailed with respect to the earlier position" (*Lorenzo v Kahn*, 100 AD3d 1480, 1482-1483 [internal quotation marks omitted]; *see Zedner v United States*, 547 US 489, 504). Here, although H Leasing made that argument, there is no evidence in the record before us that the court accepted that contention in dismissing the section 388 claim, and we thus conclude on the record before us that the doctrine does not apply (*see Kolodin v Valenti*, 115 AD3d 197, 201-202; *see also Matter of Costantino*, 67 AD3d 1412, 1413).

All concur except WHALEN and DEJOSEPH, JJ., who dissent in part and vote to affirm in the following Memorandum: We must respectfully dissent in part, because we cannot agree with the majority that defendant H Leasing Company, LLC (H Leasing) is entitled to summary judgment dismissing plaintiff's cause of action for strict products liability. As the majority notes, subsequent to defendants' summary judgment motions, plaintiff cross-moved for leave to amend the complaint to include a strict products liability cause of action against H Leasing. In reply, H Leasing opposed the cross motion and asked Supreme Court to grant summary judgment in its favor on the strict products liability cause of action should the court permit plaintiff to amend the complaint. The majority concludes that the language in the court's order denying H Leasing's motion "in all other respects" shows that the court determined H Leasing's motion for summary judgment on the strict products liability cause of action. We disagree, and would affirm the order.

Initially, we note that there is no dispute that H Leasing's original summary judgment motion did not contemplate dismissal of the strict products liability cause of action because it had not been pled. Plaintiff sought to amend the complaint to allege a strict products liability cause of action, and the court granted that request. H Leasing did not make a separate motion for summary judgment with respect to that cause of action; instead, it merely asked for summary judgment in reply papers, which is improper (*see Azzopardi v American Blower Corp.*, 192 AD2d 453, 454). Further, summary judgment on strict products liability would also have been premature because H Leasing never submitted an answer with respect to that cause of action and thus never joined issue in that respect (*see* CPLR 3212 [a]). Strict adherence to the joinder requirement is required (*see City of Rochester v Chiarella*, 65 NY2d 92,101; *Park Ridge Hosp. v Richardson*, 175 AD2d 631, 631), and summary judgment is improper where plaintiff was allowed to amend the complaint but defendant had not yet served an answer to the amended complaint (*see Organek v Harris*, 90 AD3d 1512, 1513-1514).

We disagree with the majority's conclusion that the order's language denying the motion "in all other respects" could only have referred to the dismissal of the strict products liability cause of

action because all of H Leasing's requests in the motion other than that had been resolved by the remaining clauses in the pertinent ordering paragraphs.  H Leasing's motion for summary judgment requested not only dismissal of plaintiff's causes of action, but also any and all cross claims against it.  The ordering paragraphs did not specifically address the granting or denying of the cross claims against H Leasing, and thus in our view the language "in all other respects" related to the court's determination as to the cross claims, not as the majority concludes, the strict products liability cause of action.

Finally, summary judgment is also improper on the strict products liability cause of action because the court did not have a copy of all of the pleadings as required (*see* CPLR 3212 [b]), in the absence of an answer by H Leasing with respect to the strict products liability cause of action, and that failure warrants denial of the motion regardless of whether it has merit (*see generally Osgood v KDM Dev. Corp.*, 92 AD3d 1222, 1223-1224).

Entered:  January 2, 2015                          Frances E. Cafarell
                                                    Clerk of the Court